953 F.2d 1389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clay Douglas SIEMSEN, Defendant-Appellant.
 No. 90-30403.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1991.*
Decided Jan. 22, 1992.
 
 Before EUGENE A. WRIGHT, HUG and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Clay Siemsen appeals his sentence for distributing methamphetamine. He argues that the district court erred when it refused to determine the quantity of drugs involved and to determine independently the appropriate guideline range.[1] The sentence imposed did not exceed that to which Siemsen had agreed in his plea agreement, and he waived his right to appeal in that event. Thus, we do not reach these issues.
 
 
 3
 The Government and Siemsen stipulated in the plea agreement that the Government would make a non-binding recommendation to the court "that the lower end of the guideline range with an offense level of 36, namely 188 months, be the term of incarceration for the defendant." The plea agreement also provided that the recommendation was being made "pursuant to the stipulation for base level offense entered into, and also on behalf of the defendant and the Government agreeing herein not to appeal from any sentence of 188 months pursuant to this recommendation." An express waiver of the right to appeal in a negotiated plea agreement is valid if knowingly and voluntarily made. United States v. Navarro-Botello, 912 F.2d 318, 322 (9th Cir.1990), petition for cert. filed, (U.S. Dec. 19, 1991) (No. 91-6833). The appellant does not assert that the plea was not voluntarily or knowingly made. In Navarro-Botello, we recognized an exception that a waiver of the right to appeal "would not prevent an appeal where the sentence imposed is not in accordance with the negotiated agreement." Id. at 321. In this case, Siemsen agreed not to appeal if the sentence was 188 months. This waiver obviously would extend to a sentence less than 188 months.
 
 
 4
 When a defendant enters into a plea agreement in which he waives his right to appeal, and the sentence does not exceed the sentence agreed to in the plea agreement, the defendant may not appeal his sentence. United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991). Siemsen waived his right to appeal his sentence of 160 months, which was less than the 188 months to which he agreed.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Siemsen has called our attention to the fact that the statute under which he was sentenced recently has been changed to correct the amount of methamphetamine required for a mandatory ten-year sentence. Although this change in the statute may be a basis for collateral relief under Rule 35 of the Rules of Criminal Procedure, it is not appropriate for consideration on this appeal