967 F.2d 585
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William H. COLLIER, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-16199.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 12, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William H. Collier, Jr., a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction. Collier contends the district court erred by permitting amendment of the indictment and by failing to vacate the indictment because his due process rights were violated when his prosecution was referred from state to federal authorities. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 
 3
 Collier pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a). We have previously held that a defendant may waive the right to appeal as part of a plea agreement. United States v. Navarro-Botello, 912 F.2d 318, 321-322 (9th Cir.1990), cert. denied, 112 S.Ct. 1488 (1992). As part of the plea agreement negotiated in the instant case, Collier specifically waived the right to challenge his conviction based on any allegation that the count to which he was pleading guilty had been improperly amended. Collier may not now raise this issue by way of a section 2255 motion. See id. at 322.
 
 
 4
 Collier also contends that his due process rights were violated when his prosecution was referred from state authorities to federal authorities. Our recent decision in United States v. Nance, No. 91-30193, slip op. 5623, 5632-33 (9th Cir. May 18, 1992) (per curiam), forecloses this line of argument. In Nance, we held that even if we detected a due process violation in the manner in which the prosecution was referred to federal authorities, "absent proof of discrimination based on suspect characteristics, we may not review charging decisions made by prosecutors." Id. at 5633.
 
 
 5
 Accordingly, the district court did not err by denying Collier's section 2255 motion. See Nance, slip op. at 5633; Navarro-Botello, 912 F.2d at 322.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3