967 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard I. GILMORE, Defendant-Appellant.
 No. 90-10605.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 19, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard I. Gilmore appeals his conviction following a guilty plea to preparing false income tax returns, in violation of 26 U.S.C. § 7206, and conspiracy to prepare false income tax returns, in violation of 18 U.S.C. § 371. Counsel for Gilmore filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no issues for review.[1] Gilmore filed a pro se supplemental brief raising a number of challenges to his conviction. Nevertheless, Gilmore voluntarily waived his right to appeal in his plea agreement. See United States v. Navarro-Botello, 912 F.2d 318, 320-322 (9th Cir.1990), cert. denied, 112 S.Ct. 1488 (1992). We grant counsel's request to withdraw and affirm.
 
 
 3
 A defendant may affirmatively waive his right to appeal pursuant to a negotiated plea agreement. See id. at 321-22 (waiver of right to appeal does not violate due process or public policy). The waiver is ineffective only if the terms of the negotiated agreement are violated. See id. at 321 (defendant may appeal despite waiver if sentence imposed not in accordance with negotiated agreement).
 
 
 4
 Here, Gilmore's plea agreement included the following provision:
 
 Waiver of Defenses and Right to Appeal
 
 5
 Defendant hereby waives the right to raise and/or appeal any and all motions, defenses, probable cause determinations, and objections which defendant has asserted or could assert to this prosecution or to the court's entry of judgment against defendant and imposition of sentence upon defendant consistent with this agreement.
 
 
 6
 ER Plea Agreement at 3. Gilmore neither contends that his guilty plea was involuntary, nor that the terms of his agreement were breached. Rather, he argues that (1) the district court lacked subject matter jurisdiction to convict him; (2) the applicable statutes are invalid because of delegation and publishing defects; (3) the relevant criminal statutes are unconstitutional, as applied to him; (4) Title 26 is not enforceable, and (5) tax form 1040 violates the Paper Reduction Act.[2] These arguments do not invalidate Gilmore's negotiated agreement. See Navarro-Botello, 912 F.2d at 321.
 
 
 7
 Gilmore's assertion that the district court lacked subject matter jurisdiction because 26 U.S.C. § 7602 was "not positive law" and was not implemented by the Treasury Secretary, is meritless. Gilmore waived his right to appeal for the purpose of obtaining certain benefits from the government. He may not now ignore his part of the bargain. See id. at 322.[3]
 
 
 8
 AFFIRMED and MOTION TO WITHDRAW GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no issues for review
 
 
 [2]
 Gilmore failed to raise these arguments before the district court, and therefore, he may not raise them now on appeal. See United States v. Nakagawa, 924 F.2d 800, 803 (9th Cir.1991)
 
 
 [3]
 We deny the government's request for costs under 28 U.S.C. § 1927