972 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Veronica COWAN, Defendant-Appellant.
 No. 91-50573.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 8, 1992.
Decided July 29, 1992.
 
 Before FLETCHER, O'SCANNLAIN and KLEINFELD, Circuit Judges.
 
 
 1
 ORDER*
 
 
 2
 Veronica Cowan appeals her thirty-month sentence for extortion by representing herself to be an employee of the United States, in violation of 18 U.S.C. § 872. Because Cowan has waived her right to appeal, we dismiss.
 
 
 3
 An express waiver of the right to appeal in a negotiated plea agreement is valid if knowingly and voluntarily made, and precludes appeal if the sentence imposed is in accordance with the negotiated agreement. United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991); United States v. Navarro-Botello, 912 F.2d 318, 321-22 (9th Cir.1990), cert. denied, 112 S.Ct. 1488 (1992).
 
 
 4
 In Paragraph 14 of the plea agreement, Cowan expressly waived her right to appeal her sentence provided the court did not impose a period of imprisonment greater than recommended by the government. The government recommended a sentence of twenty-four to thirty months and the district court imposed a thirty-month term, within the recommended range. Cowan concedes that she knowingly and voluntarily entered into the plea agreement. We must therefore enforce Cowan's waiver of the right to appeal her sentence.
 
 
 5
 Cowan argues for the first time on appeal that her waiver is unenforceable because the government breached the plea agreement. However, we cannot address the merits of her claim of breach because she failed to bring it to the attention of the district court. Generally, a claim of breach of the plea agreement cannot be raised for the first time on appeal. United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991). We have recognized certain narrow exceptions to this rule, see id., but this case does not fall within any of those exceptions.
 
 
 6
 In sum, Cowan's failure to argue below that the government had breached the plea agreement bars her from raising such a claim in this court. Having waived any objection to the government's compliance with the agreement, she is bound by her promise not to appeal.
 
 
 7
 APPEAL DISMISSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3