977 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cesar ROCHA-LOPEZ, Defendant-Appellant.
 No. 92-50172.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Sept. 29, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cesar Rocha-Lopez appeals his sentence under the United States Sentencing Guidelines (Guidelines), imposed following a guilty plea, for importation of marijuana in violation of 21 U.S.C. §§ 952 and 960. Despite a negotiated plea agreement which expressly waived his right to appeal, Rocha-Lopez claims that: (1) the prosecutor breached the plea agreement; and (2) the district court erred by denying him a two-level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo whether a criminal defendant has waived his statutory right to appeal. United States v. Bolinger, 940 F.2d 478, 479 (9th Cir.1991); United States v. Navarro-Botello, 912 F.2d 318, 320 (9th Cir.1990), cert. denied, 112 S.Ct. 1488 (1992). "[A]n express waiver of the right to appeal in a negotiated plea of guilty is valid if knowingly and voluntarily made." Bolinger, 940 F.2d at 480.
 
 
 4
 Here, Rocha-Lopez was indicated for importation of marijuana (Count I), and possession of marijuana with intent to distribute (Count II). Pursuant to a negotiated plea agreement, Rocha-Lopez agreed to plead guilty to Count I, and in exchange the government agreed to dismiss Count II and recommend a sentence at the low end of the applicable Guidelines range (SER at 2-3). Additionally, Rocha-Lopez expressly agreed to waive his right to appeal under 18 U.S.C. § 3742(a) if the district court did not "impose a period of imprisonment greater than that recommended by the Government" (id. at 4). Rocha-Lopez had a total offense level of 16 and criminal history category I, which carries a Guidelines range of 21 to 27 months imprisonment. See U.S.S.G. § 5A. The district court declined to grant any role adjustments or a reduction for acceptance of responsibility and then imposed a sentence of 21 months.
 
 
 5
 Rocha-Lopez argues that the government recommended a sentence of 10 months which the district court exceeded, thereby providing a basis for appeal under the plea agreement. This contention lacks merit.
 
 At sentencing, the prosecutor stated that:
 
 6
 [T]he Government agreed to recommend [a sentence at the] low end [of the applicable sentencing range]. Starting at a level 16, if the Court were to find that acceptance of responsibility is appropriate, that would take the level down to a 14; if the Court were to find that a mitigating role adjustment was appropriate, that would take this down to a level 12. At criminal history category one, the applicable guideline range would be 10 to 16 months. Now, with a low end recommendation from the Government, if the Court had found that acceptance of responsibility and minor role adjustment--minus two for minor role was appropriate, I believe that the sentence would be ten months (ER at 34-35).
 
 
 7
 Our review of the sentencing transcript indicates that the prosecutor only recommended a sentence at the low end of the applicable Guidelines range, which the district court followed.
 
 
 8
 Rocha-Lopez also argues that his plea agreement does not bar him from appealing because the district court misapplied the Guidelines by denying him a reduction for acceptance of responsibility. We have recently considered this argument and squarely rejected it. See Bolinger, 940 F.2d at 480 (negotiated plea agreement waiving right to appeal barred an appeal alleging a misapplication of the Guidelines).
 
 
 9
 Therefore, we do not reach the merits of his underlying claim that the district court misapplied the Guidelines. See id.; accord United States v. Marin, 961 F.2d 493, 496 (4th Cir.1992) (district court's alleged sentencing errors amounted at most to a misapplication of the Guidelines and could not be appealed due to a negotiated plea agreement waiving the right to appeal).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3