988 F.2d 122
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward L. TAPIA, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-55816.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 24, 1993.
 
 Appeal from the United States District Court for the Southern District of California; Nos. CV-92-331-HBT, CR-90-0693-HBT, Howard B. Turrentine, Senior Judge, Presiding.
 S.D.Cal.
 VACATED AND REMANDED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward Tapia, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his sentence.[1] Tapia was convicted pursuant to a guilty plea of one count of possession of a controlled substance (methamphetamine) with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we vacate and remand.
 
 
 3
 The district court dismissed Tapia's section 2255 motion as frivolous because Tapia expressly waived any right to appeal his sentence. We have previously held that a defendant may waive the right to appeal as part of a plea agreement as long as the waiver is knowing and voluntary. United States v. Navarro-Botello, 912 F.2d 318, 321-22 (9th Cir.1990), cert. denied, 112 S.Ct. 1488 (1992).
 
 
 4
 Nevertheless, Tapia did not agree to waive his right to apply for post-conviction relief under section 2255.[2] Tapia's waiver of his right to appeal does not operate to categorically foreclose him from bringing any section 2255 proceeding. See United States v. Abarca, No. 91-50828, slip. op. 1001, 1004-1005 (9th Cir. Feb. 5, 1993).
 
 
 5
 Tapia alleges that his waiver of appeal was not voluntary and intelligent, that the government breached the plea agreement, and that his counsel was ineffective. A waiver of the right to appeal does not bar Tapia from raising such claims in a section 2255 motion. See Abarca, No. 91-50828, slip. op. at 1005 (voluntariness of waiver of right to appeal and ineffective assistance of counsel may be challenged in section 2255 proceeding). Accordingly, we vacate and remand so that the district court may consider the merits of Tapia's section 2255 motion.[3]
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Tapia filed an application for writ of error coram nobis which the district court construed as a motion pursuant to 28 U.S.C. § 2255
 
 
 [2]
 The waiver states: "The defendant waives any right to appeal any sentence imposed by this court in the event that this court accepts the recommendations of the Government arising from this agreement."
 
 
 [3]
 The government argues that Tapia did not raise the issue of the voluntariness of his waiver below, and that he is therefore precluded from raising the issue on appeal. See, e.g., United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990). Because, however, Tapia properly raises other challenges to his sentence which were not foreclosed by his waiver of appeal, we remand for further proceedings. We express no opinion as to the voluntariness of Tapia's waiver of appeal, or the merits of his section 2255 motion