993 F.2d 885
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maria Elena MADUENO, Defendant-Appellant.
 No. 91-50526.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1992.
Decided May 7, 1993.
 
 Before BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Madueno pleaded guilty to possessing heroin with the intention to distribute it. 21 U.S.C. § 841(a)(1). She appeals her sentence. She argues that the district court erred by not making an explicit determination that she did not merit a downward departure from her sentence, and by not ordering an evidentiary hearing on the issue of the departure.
 
 
 3
 Madueno waived her right to appeal in her plea agreement. She signed an agreement saying that she "waives the right to appeal any sentence imposed by this court, in the event that this court accepts the recommendations of the Government arising from this agreement." The government promised in the plea agreement to recommend a two level reduction for acceptance of responsibility, and a sentence at the low end of the applicable guidelines, with no upward departure or upward adjustment. It so recommended, and the court sentenced Madueno in accord with the government recommendation.
 
 
 4
 Madueno claims that the government broke its promise to inform the court of "all information ... relative to sentence," by not putting its informant on the witness stand at her sentencing hearing. She argues that she should have been granted a downward departure based on aberrant behavior and imperfect entrapment, and that the informant's testimony might have demonstrated her entitlement.
 
 
 5
 Madueno filed a sentencing memorandum urging the district judge to depart on these grounds. The memorandum said that "[t]o the extent the government moves the court for an appropriate sentence, pursuant to the plea agreement, MARIA will not seek a sentencing hearing" on those issues, but then said "it may become necessary" to seek an evidentiary hearing on the extent of her involvement, the informant's actions to induce her, her predisposition, and whether her conduct was aberrant.
 
 
 6
 At the sentencing hearing, the judge noted that Madueno had filed no objections to the presentence report, and stated his preliminary intention not to depart. He then invited counsel to comment. The government made its recommendation. The defense then requested a ruling on whether the court found a basis for departure downward. The court declared acceptance of the government's position. Defense counsel responded "then I think the--we'll stand on the sentencing memorandum as written," but asked for an evidentiary hearing where the confidential informant could be questioned to establish a basis for downward departure. The judge determined that, based upon his study of the presentence report, the defense memorandum regarding sentencing, the plea agreement, and the absence of any offer of proof by declaration or otherwise establishing that further information would be of value, the request for such a hearing would be denied.
 
 
 7
 Madueno waived her right to appeal, as part of her inducement to the government to make the sentencing recommendation it offered. Her sentence was in accord with her plea agreement, so she does not fall within the Bolinger and Navarro-Botello exception for sentences not in accord with the negotiated pleas. United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir.1990), cert. denied, 112 S.Ct. 1488 (1992); United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991). Although she phrases her brief in terms of a government violation of the plea agreement, she actually claims no violation by the government, and claimed none below. Her claim is that the court should have allowed her to put the confidential informant on the witness stand at the sentencing hearing so that she could establish, by examining the informant, a basis for a downward departure. The government lived up to its end of the bargain. The plea agreement was therefore properly enforced against Madueno.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3