12 F.3d 1109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dep Huynh GEORGE, Defendant-Appellant.
 No. 93-10160.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 1, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dep Hyunh George appeals pro se the imposition of a $10,000 fine as part of her sentence, following a jury trial, for conspiracy to violate the Trading With the Enemy Act in violation of 18 U.S.C. Secs. 2, 371, 50 U.S.C.App. Secs. 5, 16(b) and 31 C.F.R. Sec. 500.201(b)(1). Despite a negotiated sentencing agreement which expressly waived her right to appeal, George contends the district court erred by failing (1) to expressly state its reasons for imposition of the fine and (2) to consider her ability to pay. Alternatively, George contends she did not voluntarily and knowingly waive her right to appeal the fine. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review de novo whether a criminal defendant has waived her statutory right to appeal. United States v. Bolinger, 940 F.2d 478, 479 (9th Cir.1991) (plea agreement); United States v. Navarro-Botello, 912 F.2d 318, 320 (9th Cir.1990) (same), cert. denied, 112 S.Ct. 1488 (1992).
 
 
 4
 "There is no constitutional right to appeal. The right is purely statutory." Bolinger, 940 F.2d at 480 (citation omitted). We will enforce a knowing and voluntary agreement in which the defendant waives her right to appeal her sentence. Id.; see also United States v. Desantiago-Martinez, 980 F.2d 582, 582 (9th Cir.1992).
 
 
 5
 Here, George was convicted following a jury trial. Pursuant to a negotiated sentencing agreement, George agreed to waive her right to appeal her conviction and sentence and to withdraw a pending motion for a new trial. This waiver included any "alleged errors in the trial and pre- and post-trial proceedings." In exchange, the government agreed not to argue for the application of an analogous Guideline provision, resulting in a sentencing range of 41 to 51 months, as recommended in the presentence report. The district court did not apply the analogous Guideline. The court then sentenced George to two years in prison, three years' supervised release and a $10,000 fine.
 
 
 6
 George contends that her sentencing agreement does not bar an appeal because the district court misapplied the Guidelines in imposing the fine. We have previously considered a similar argument and rejected it. Cf. Bolinger, 940 F.2d at 480 (negotiated plea agreement waiving right to appeal barred an appeal alleging a misapplication of the Guidelines).
 
 
 7
 George also contends for the first time in her reply brief that she did not knowingly and voluntarily waive her right to appeal the fine because (1) she saw the memorandum immediately before sentencing and was told to sign it by her lawyer; (2) she did not understand what she was signing because she does not read English; (3) the interpreter, provided by her attorney, did not fully explain the agreement; (4) the district court did not fully question her regarding her understanding of the agreement; and (5) she understood the agreement to concern only her length of incarceration under the Guidelines. We decline to address these arguments because George did not raise them in her opening brief. See United States v. Puerta, 982 F.2d 1297, 1300 n. 1 (9th Cir.1992).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3