**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose NAVARRO–BOTELLO, Defendant–Appellant.**

No. 89–50221.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 1990.

Decided Aug. 17, 1990.

As Amended Oct. 12, 1990.

Kenneth D. Noel, San Diego, Cal., Gerald McFadden, Salana Beach, Cal., for defendant-appellant.

Judith S. Feigin, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before HUG, BEEZER and NOONAN, Circuit Judges.

HUG, Circuit Judge:

The issue in this case is whether a defendant's waiver of his right to appeal a sentence as part of a negotiated plea agreement violates due process or public policy. We hold that if the waiver is made voluntarily and knowingly, it is enforceable and does not violate due process or public policy. Accordingly, because appellant Jose Navarro–Botello voluntarily and knowingly waived his right to appeal his sentence as part of his plea agreement, his waiver is enforceable. Therefore, we affirm the district court.

### I. *Facts*

On September 15, 1988, Navarro–Botello drove to the San Ysidro Port of Entry from Mexico. Although Navarro–Botello claimed to be transporting tools, the customs inspector noticed that Navarro–Botello's spare tire compartment was covered with a rug smelling of perfume. Navarro–Botello was sent to a second inspector, who found approximately 70 pounds of marijuana hidden behind the driver's seat.

On September 28, 1988, the Government filed a two-count indictment in United States District Court for the Southern District of California. Navarro–Botello was charged in counts 1 and 2, respectively, with importation and possession with intent to distribute 71 pounds of marijuana, in violation of 21 U.S.C. §§ 952, 960, and 841(a)(1) (1988).

Pursuant to a plea agreement, Navarro–Botello agreed to plead guilty to the charge of importing approximately 70 pounds of marijuana. In return, the Government agreed to recommend a two-level deduction for acceptance of responsibility as well as a two-level deduction for being a minor participant pursuant to U.S.S.G. §§ 3E1.1, 3B1.2(b) (Nov.1989). Further, Navarro–Botello agreed that if the sentence imposed

was within the Guidelines as calculated, Navarro–Botello would waive his right to appeal the sentence. The range calculated by the parties in the plea agreement was 15–21 months.[1]

At the plea hearing, the district judge reviewed with Navarro–Botello, in front of counsel, the offense charged and the provisions of Navarro–Botello's plea agreement. Further, the district judge asked Navarro–Botello whether he understood that he was forfeiting constitutional rights by pleading guilty and whether the Government had in any way coerced him into entering the plea agreement. Navarro–Botello indicated that he understood the plea agreement and consequences of his plea and that the Government had not coerced him in any way.

The district judge accepted Navarro–Botello's guilty plea and imposed a 21–month sentence, the highest sentence within the range. The judge indicated that he sentenced Navarro–Botello to 21 months because he felt that Navarro–Botello was more than a minor participant. Navarro–Botello timely appealed his sentence.

## II. *Voluntariness of Plea*

On appeal, Navarro–Botello argues that his guilty plea was *involuntary* because it was based on a plea agreement which forced him to give up his right to appeal.

■ The voluntariness of a guilty plea is a question of law reviewed *de novo*. *Marshall v. Lonberger*, 459 U.S. 422, 431, 103 S.Ct. 843, 849, 74 L.Ed.2d 646 (1983). Because a guilty plea results in the waiver of numerous constitutional rights, a voluntary guilty plea requires "real notice of the true nature of the charge." *Id.* at 436, 103 S.Ct. at 852 (citation omitted). Therefore, an involuntary plea may result where "the accused does not understand the nature of the constitutional protections that he is waiving, or because he has such an incomplete understanding of the charge that his

plea cannot stand as an intelligent admission of guilt." *Henderson v. Morgan*, 426 U.S. 637, 645 n. 13, 96 S.Ct. 2253, 2257 n. 13, 49 L.Ed.2d 108 (1976) (citations omitted).

■ Navarro–Botello argues that his plea was involuntary because it is logically impossible to make a knowing and intelligent waiver of unknown rights, and a defendant cannot know or understand what appellate issues may arise until after sentencing. We reject this argument.

In *Town of Newton v. Rumery*, 480 U.S. 386, 107 S.Ct. 1187, 94 L.Ed.2d 405 (1987), the Supreme Court heard and rejected an argument similar to Navarro–Botello's. In *Rumery*, a defendant waived his right to file a section 1983 action in return for the prosecutor dismissing his pending criminal charges. Upholding this agreement, the Court noted that the defendant's choice to enter into the agreement "reflect[ed] a highly rational judgment." *Id.* at 394, 107 S.Ct. at 1193. The Court reasoned that while the defendant did not know exactly what he was giving up with his section 1983 claim, he knew he was giving up a possible benefit in return for a dismissal of pending charges. This knowledge was adequate to make his plea agreement voluntary. *Id.*

The rationale in *Rumery* applies here. Whatever appellate issues might have been available to Navarro–Botello were speculative compared to the certainty derived from the negotiated plea with a set sentence parameter. He knew he was giving up possible appeals, even if he did not know exactly what the nature of those appeals might be. In exchange, he gained a set sentence. Just because the choice looks different to Navarro–Botello with the benefit of hindsight, does not make the choice involuntary.

Similarly, in *Johnson v. United States*, 838 F.2d 201 (7th Cir.1988), the Seventh Circuit looked at a physician's written waiver of his right to appeal, made after sen-

---

1. The probation department disagreed with this range, declining to deduct two levels for being a minor participant. It calculated and recommended a range of 21–27 months. Navarro–Botello filed an opposition to the probation department's presentence report. The deduction was granted by the court, thus placing the sentencing range within the limits of 15–21 contemplated in the plea agreement, even though the judge expressed doubts that Navarro-Botello was only a minor participant.

tencing. The Seventh Circuit reasoned that the physician knowingly waived his right to appeal to persuade the court to reduce his sentence and that the waiver was enforceable.

■ We next look at whether Rule 11 was complied with. We reviewed the record and find the Rule 11 requirements were satisfied. It is undisputed that Navarro–Botello entered into the plea agreement that contained an express waiver of his right to appeal. At the plea hearing, in front of counsel, the district judge carefully summarized the provisions of the plea agreement and the offense and noted the maximum possible penalty. Navarro–Botello indicated that he understood. Further, the district court advised Navarro–Botello of the constitutional rights he was forfeiting. Once again, Navarro–Botello indicated that he understood. On this record, we find that Navarro–Botello's negotiated plea agreement and his guilty plea were knowingly and voluntarily made. *See* Fed.R.Crim.P.Rule 11(c).

### III. *Waiver of Right to Appeal*

Next, Navarro–Botello argues that there should be a per se rule invalidating any guilty plea requiring defendants to waive the right to appeal because such a waiver violates both due process and public policy. We disagree.

### A. Due Process

■ It is well settled that a defendant may affirmatively waive his constitutional rights to have a jury trial, to confront and cross-examine witnesses against him, and to claim his Fifth Amendment privilege against self-incrimination. *See Boykin v. Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969). Such waivers are often negotiated as part of a voluntary plea agreement with the Government. Indeed, such waivers in plea bargaining are now accepted as an "important compo-

nent[ ] of this country's criminal justice system." *Blackledge v. Allison,* 431 U.S. 63, 71, 97 S.Ct. 1621, 1627, 52 L.Ed.2d 136 (1977). *See Brady v. United States,* 397 U.S. 742, 752 n. 10, 90 S.Ct. 1463, 1471 n. 10, 25 L.Ed.2d 747 (1970) (estimating that 90–95% of all criminal convictions involve guilty pleas).

The Supreme Court has found that knowing and voluntary constitutional waivers do not violate due process. *Rumery,* 480 U.S. at 393, 107 S.Ct. at 1192. Accordingly, if it is not a due process violation for a defendant to waive constitutional rights as part of a plea bargain, then a defendant's waiver of a nonconstitutional right, such as the statutory right to appeal a sentence, is also waivable. *See Abney v. United States,* 431 U.S. 651, 656, 97 S.Ct. 2034, 2038, 52 L.Ed.2d 651 (1977) (there is no constitutional right to appeal).

In *United States v. Wiggins,* 905 F.2d 51, 53 (4th Cir.1990), after surveying a list of waivable constitutional rights, the Fourth Circuit held that nothing precludes a defendant from waiving a statutory right, specifically the right to appeal.[2] We, like the Fourth Circuit, find that it is not a due process violation for a defendant to waive, in an otherwise valid plea agreement, the statutory right of appeal. *See* 18 U.S.C. § 3742; 28 U.S.C. § 1291 (1988). We note, however, that a waiver of the right to appeal would not prevent an appeal where the sentence imposed is not in accordance with the negotiated agreement.

### B. Public Policy

■ Without any supporting authority, Navarro–Botello also argues that enforcing plea bargains and guilty pleas in which defendants waive the right to appeal violates public policy. We disagree, finding that public policy strongly supports plea agreements, such as the one made by Navarro–Botello.

---

2. State courts which permit defendants to waive the right to appeal also reason that if constitutional rights are waivable, the right to appeal is waivable. *See People v. Olson,* 216 Cal.App.3d 601, 264 Cal.Rptr. 817, 819 (App.1989) (the right to appeal may be waived in return for benefits of a plea bargain); *People v. Seaberg,* 74 N.Y.2d

1, 543 N.Y.S.2d 968, 970, 541 N.E.2d 1022 (N.Y. 1989) (same); *People v. Charles,* 171 Cal.App.3d 552, 217 Cal.Rptr. 402 (App.1985) (same). *See also* Annotation, *Validity and Effect of Criminal Defendant's Express Waiver of Right to Appeal as Part of Negotiated Plea Agreement,* 89 A.L. R.3d 864 (1979).

First, as noted by the Supreme Court in *Rumery*, plea bargaining saves the state time and money.

> [W]hen the State enters a plea bargain with a criminal defendant, it receives immediate and tangible benefits, such as promptly imposed punishment without the expenditure of prosecutorial resources. Also, the defendant's agreement to plead to some crime tends to ensure some satisfaction of the public's interest in the prosecution of crime and confirms that the prosecutor's charges have a basis in fact.

*Rumery*, 480 U.S. at 393 n. 3, 107 S.Ct. at 1192 n. 3 (citations omitted).[3]

Second, and perhaps the most important benefit of plea bargaining, is the finality that results. Under Rule 11, a plea of guilty and resulting judgment of conviction "comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989).

### IV. *Conclusion*

The plea agreement and the circumstances surrounding its adoption by Navarro–Botello are wholly sufficient to establish that Navarro–Botello's waiver of the right to appeal his sentence was "a voluntary and intelligent act." Navarro–Botello waived his right for the purpose of obtaining certain concessions from the Government and he may not now ignore his part of the bargain. The judgment of the district court is therefore affirmed.

AFFIRMED.

---

3. Similarly, one California Court of Appeal noted the effect on public policy of appellate waivers:

> It is obvious that a pronouncement by this court of the flat illegality under any circumstances of an agreement by a defendant to waive an appeal would operate substantially to cut down the incentive of prosecutors in many cases to offer what particular defendants and their attorneys might regard as worthwhile inducements to forego that right. Discouragement of plea negotiation to that extent does not appear to us consistent with sound judicial policy.

*Charles*, 217 Cal.Rptr. at 407 (quoting *State v. Gibson*, 68 N.J. 499, 348 A.2d 769, 775 (1975)).