925 F.2d 1471
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel Arnulfo GUERRERO-AGUILAR, Defendant-Appellant.
 No. 90-10240.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 4, 1991.*
Decided Feb. 6, 1991.
 Before TANG, SCHROEDER and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daniel Arnulfo Guerrero-Aguilar appeals his conviction, following a guilty plea, for one count of possession with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(A)(ii)(II). Guerrero-Aguilar contends that the district court erred by accepting his guilty plea without establishing a factual basis and without informing him of the nature of the charges against him. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 The voluntariness of a guilty plea is reviewed de novo, United States v. Navarro-Botello, 912 F.2d 318, 320 (9th Cir.1990), as is the sufficiency of the factual basis underlying the plea, see United States v. Rivera-Ramirez, 715 F.2d 453, 457 (9th Cir.1983) (applying same test as district court was required to apply), cert. denied, 467 U.S. 1215 (1984).
 
 
 4
 Before accepting a guilty plea, the district court must address the defendant personally in open court and determine that the defendant knows and understands the nature of the charge to which he is pleading guilty. Fed.R.Crim.P. 11(c)(1); United States v. Kamer, 781 F.2d 1380, 1383 (9th Cir.), cert. denied, 479 U.S. 819 (1986).
 
 
 5
 [T]he sufficiency of any particular colloquy between the judge and the defendant as to the nature of the charges will "vary from case to case, depending on the peculiar facts of each situation, looking to both the complexity of the charges and the personal characteristics of the defendant, such as his age, education, intelligence, the alacrity of his responses, and also whether he is represented by counsel."
 
 
 6
 Kamer, 781 F.2d at 1384 (citation omitted).
 
 
 7
 The district court must also establish a factual basis for a guilty plea. Fed.R.Crim.P. 11(f); Rivera-Ramirez, 715 F.2d at 457. While no specific method is prescribed, "it must be established on the record that there is sufficient evidence to support the conclusion that the defendant is guilty." Rivera-Ramirez, 715 F.2d at 457. A defendant may be found guilty of possession of contraband if he exercises sufficient "dominion and control to give him the power to dispose of" contraband possessed by a third party. United States v. Hernandez, 876 F.2d 774, 778 (9th Cir.), cert. denied, 110 S.Ct. 179 (1989). Constructive possession may be proven " 'by the defendant's participation in a 'joint venture' to possess a controlled substance.' " Id. (evidence of defendant's coordinated activity with cocaine sellers and presence during sale sufficient to prove constructive possession) (quoting United States v. Disla, 805 F.2d 1340, 1350 (9th Cir.1986) (internal citation omitted)).
 
 
 8
 Here, Guerrero-Aguilar was represented by counsel. The district court established that Guerrero-Aguilar had completed high school and instructed him to ask for clarification whenever necessary. After reading the indictment to Guerrero-Aguilar, the district court asked him to explain what he did and why he thought his actions made him guilty of the charge. Guerrero-Aguilar responded intelligently, did not ask for clarification of the charge of possession, and does not contend on appeal that he misunderstood the nature of the crime. Guerrero-Aguilar's responses indicate that he understood that his participation in the distribution was sufficient to render him liable for possession of the cocaine. This colloquy satisfied Rule 11(c)(1). Cf. Kamer, 781 F.2d at 1384.
 
 
 9
 During the colloquy, Guerrero-Aguilar stated that he had arranged for the sale of the cocaine and had waited with the undercover buyer until a third party arrived with the cocaine. Although he denied ever physically possessing the cocaine, he admitted that he knew the details of the planned sale and was present to help its consummation. These statements established Guerrero-Aguilar's participation in a "joint venture" to distribute the cocaine and formed an adequate factual basis for his plea. See Hernandez, 876 F.2d at 778.
 
 
 10
 Therefore, the district court properly accepted the guilty plea. AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3