UNITED STATES of America, Plaintiff–Appellee,

v.

Rodolfo Espinoza ABARCA, Defendant–Appellant.

UNITED STATES of America, Plaintiff–Appellee,

v.

Espinoza Rodolfo ABARCA, Defendant–Appellant.

Nos. 91–50828, 92–55482.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 1992 *

Decided Feb. 5, 1993.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a) and Ninth Circuit Rule 3(a).

John Lanahan, Asst. Federal Public Defender, San Diego, CA, for defendant-appellant.

Cynthia Bashant, Asst. U.S. Atty., San Diego, CA, for plaintiff-appellee.

Before: CANBY, BOOCHEVER and THOMPSON, Circuit Judges.

CANBY, Circuit Judge:

Rodolfo Abarca–Espinoza [1] brings a consolidated appeal challenging (1) the seven-year sentence the district court imposed upon his plea of guilty to possession of cocaine with intent to distribute, and (2) the district court's denial of his motion, under 28 U.S.C. § 2255, for modification of his sentence.

We affirm.

1. The appellant's name appears in different forms in the captions of his two appeals. We adopt the form that appears most frequently in the briefs and record.

2. 18 U.S.C. § 3742, among other things, provides:

(a) A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; or (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

. . . . .

(c) In the case of a plea agreement that includes a specific sentence under rule

## DISCUSSION

■ Abarca contends that the district court erred in refusing to hold an evidentiary hearing in which Abarca would present newly discovered partially exculpatory evidence entitling him to modification of his sentence. In his plea agreement, Abarca waived the right to appeal "any pretrial issues or any sentencing issues" on condition that he receive a sentence that did not exceed the applicable guideline range. The district court sentenced Abarca to eighty-four months, departing downward from the applicable guideline range of 121 to 151 months. In both his direct appeal, under 18 U.S.C. § 3742,[2] and his collateral action, under 28 U.S.C. § 2255,[3] the gravamen of Abarca's complaint is that he is entitled to resentencing because newly discovered exculpatory evidence of the extent of his involvement in the crimes undermines the factual basis of the trial court's sentencing decision. This claim constitutes a "sentencing issue," and Abarca's waiver forecloses him from raising it on appeal under 18 U.S.C. § 3742. *United States v. Navarro–Botello*, 912 F.2d 318, 321–22 (9th Cir. 1990), *cert. denied*, —— U.S. ——, 112 S.Ct. 1488, 117 L.Ed.2d 629 (1992).

11(e)(1)(C) of the Federal Rules of Criminal Procedure (1) a defendant may not file a notice of appeal under paragraph (3) or (4) of subsection (a) unless the sentence imposed is greater than the sentence set forth in such agreement . . .

3. 28 U.S.C. § 2255 provides in part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion for such relief may be made at any time.

. . . . .

An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.

In addition, Abarca may not assert the issue in a petition for relief under 28 U.S.C. § 2255. Like the right to bring a direct appeal of his sentence, the right Abarca seeks to exercise in bringing a collateral attack is statutory. *See Abney v. United States*, 431 U.S. 651, 656, 97 S.Ct. 2034, 2038, 52 L.Ed.2d 651 (1977) ("The right of appeal, as we presently know it in criminal cases, is purely a creature of statute....."). A knowing and voluntary waiver of a statutory right is enforceable. *Navarro–Botello*, 912 F.2d at 321. While we do not hold that Abarca's waiver categorically forecloses him from bringing any section 2255 proceeding, such as a claim of ineffective assistance of counsel or involuntariness of waiver, *United States v. Marin*, 961 F.2d 493, 496 (4th Cir.1992); *United States v. Rutan*, 956 F.2d 827, 829–30 (8th Cir.1992); *Navarro–Botello*, 912 F.2d at 321, the question of the degree of his culpability is an issue cle' ly contemplated by, and subject to, his ͻ a agreement waiver.

We hold that Abarca has relinquished his right to seek relief, direct or collateral, from his sentence on the ground that he has discovered new exculpatory evidence that undermines the factual basis of the trial court's sentencing decision.

AFFIRMED.