992 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesse Gary SOLIZ, Defendant-Appellant.
 No. 92-50327.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1992.
Decided April 28, 1993.
 
 Before BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Soliz pleaded guilty to bail jumping and false statement. 18 U.S.C. §§ 1001, 3146(a)(1). His plea agreement waived the right to appeal, but he appeals anyway, claiming inadequate findings regarding downward adjustments. The judge said "I will follow the plea agreement in its entirety," and did so. The government has moved to dismiss the appeal, because of Soliz's waiver of his right to appeal. Soliz opposes dismissal on the ground that the judge did not adequately advise him regarding his waiver of the right to appeal.
 
 
 3
 The plea agreement waived the right to appeal in plain English:
 
 
 4
 10. Defendant Waives His Right of Appeal of His Sentence. Defendant Soliz is aware of his right to appeal under 18 U.S.C. § 3742(a) and expressly waives his right to appeal on all sentencing issues based on the statute and any other grounds, provided the Court sentences defendant consistent with this plea agreement. Defendant understands and agrees that, irrespective of the Government's position at the time of sentencing, the Government reserves the right to support on appeal any sentence that the Court actually imposes.
 
 
 5
 (emphasis added). Soliz and his attorney signed this agreement and received several government promises in return. Soliz testified under oath that he had read the agreement and discussed it with his attorney.
 
 
 6
 During the sentencing, the judge advised Soliz that he had a right to appeal:
 
 
 7
 The court: I would advise the defendant: if you desire to appeal the judgment, Mr. Soliz, you should do so within ten days of this date.
 
 
 8
 If you don't have funds to pay for a transcript on appeal or hire a lawyer, upon proper application, those matters will be considered by the court.
 
 
 9
 In any event, do you understand, sir, if you desire to appeal, you must do so within ten days of this date?
 
 
 10
 The defendant: Yes.
 
 
 11
 Ms. Connor: The plea agreement does provide for a waiver of appeal, should the court impose a ten-month sentence.
 
 
 12
 The court: I do that with an abundance of caution, Ms. Connor.
 
 
 13
 This advice was not incorrect, since Soliz had a right to appeal in some limited circumstances, even though he had generally waived that right. See United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir.1990), cert. denied, 112 S.Ct. 1488 (1992). It might have been preferable had the judge customized his warnings and admonitions to the particular case, instead of using standardized but partially inapplicable language. Rule 32(a)(2) requires the district judge to advise the defendant "of the defendant's right to appeal, including any right to appeal the sentence," which language doubtless engendered the "abundance of caution" noted by the judge. The problem with the standardized language was that the defendant had waived his right to appeal, so advising him of his right to appeal, if the oral advice were all the defendant had, could be confusing.
 
 
 14
 But under our recent decision in United States v. DeSantiago-Martinez, 980 F.2d 582 (9th Cir.1992), a colloquy on the waiver of the right to appeal was not required. The explicit statement in the plea agreement that Soliz waived his right to appeal, and his attorney's clarification of the matter when the judge advised of the right to appeal, sufficed to establish a knowing and voluntary waiver. Id. at 583.
 
 
 15
 An express waiver of the right to appeal in a negotiated plea agreement is valid if knowingly and voluntarily made. United States v. Abarca, 985 F.2d 1012, 1013 (9th Cir.1993); Navarro-Botello, 912 F.2d at 321. Because Soliz waived his right to appeal, the government motion to dismiss the appeal is granted. Soliz's appeal is
 
 
 16
 DISMISSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3