12 F.3d 1110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brent M. OESTERBLAD, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
David OESTERBLAD, Defendant-Appellant.
 Nos. 92-10383, 92-10384.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 9, 1993.*
Decided Nov. 18, 1993.
 
 Before: NORRIS, HALL, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Brent and David Oesterblad appeal the denial of their motions to dismiss the indictment, which charged them with conspiracy, mail fraud and wire fraud in violation of 18 U.S.C. Secs. 371, 1341, 1343. Brent Oesterblad also appeals his sentence.
 
 
 3
 * Appellants contend that the conduct alleged in the indictment does not constitute a scheme or artifice with the specific intent to defraud Pan American World Airways, Incorporated (Pan Am) of property. The indictment alleged that the air travel awards were "unearned and fraudulently accrued," obtained by means of "false and fraudulent pretenses, representations and promises" that ticketed Pan Am customers "were legally being sponsored by current Pan Am WorldPass Members, according to Pan Am eligibility requirements[;] [t]hat they truly resided at the addresses controlled by the defendants[; and] that their sponsors should earn 2,500 miles bonus credit for each sponsorship being reported by them." The indictment also alleged that to conceal their scheme, "the defendants utilized mail receiving services as the purported addresses of individual enrollees."
 
 
 4
 Dishonest methods or schemes designed " 'to wrong[ ] one in his property rights,' " or " 'the deprivation of something of value by trick, deceit, chicane or overreaching' " will fulfill the "scheme to defraud" element. McNally v. United States, 483 U.S. 350, 358 (1987) (quoting Hammerschmidt v. United States, 265 U.S. 182, 188 (1924)). "The requirement of specific intent ... is satisfied by 'the existence of a scheme which was reasonably calculated to deceive persons of ordinary prudence and comprehension, and this intention is shown by examining the scheme itself.' " Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1400 (9th Cir.1986) (quoting United States v. Green, 745 F.2d 1205, 1207 (9th Cir.1984), cert. denied, 474 U.S. 925 (1985) (internal quotations omitted)). The alleged activities easily constitute a scheme to defraud, the method of operation suggests that Appellants exercised the requisite intent to defraud Pan Am, and the "bonus miles" that Appellants fraudulently obtained from Pan Am satisfy the property element of the charged offenses. United States v. Mullins, 992 F.2d 1472, 1475 (9th Cir.1993) (mileage credits convertible to free airline tickets are a "thing of value" and hence property for purposes of the mail and wire fraud statutes), cert. denied, 113 S.Ct. 2997 (1993), and petition for cert. filed, (U.S. July 6, 1993) (No. 93-5096).[1] The district court properly denied Appellants' motions to dismiss the indictment.
 
 II
 
 5
 We also conclude that the omission of the word "property" from the conspiracy count constitutes an insignificant variance, causing no prejudice to Appellants, rather than an amendment that broadens the indictment. See United States v. Olson, 925 F.2d 1170, 1175 (9th Cir.1991). The indictment's detailed description of the means and overt acts of the conspiracy and its substantive charges of wire and mail fraud by scheme to obtain money or property adequately disclosed the government's theory. The omission of "property" in the conspiracy count did not alter the charging terms of the indictment. Id.
 
 III
 
 6
 As to Brent's sentence, we find that his plea agreement contains a waiver of his right to raise this issue on appeal. We acknowledge that a waiver will not prevent an appeal "where the sentence imposed is not in accordance with the negotiated agreement." United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir.1990), cert. denied, 112 S.Ct. 1488 (1992). The facts here do not present such a circumstance, however.
 
 
 7
 Paragraph 3(a) of the plea agreement twice recognizes a distinction between information regarding the subject of the indictment and information about other criminal activity. First, paragraph 3(a) describes Brent's disclosure obligation as extending to "criminal activities of the defendant which have been the subject of [this indictment]." Two sentences later the agreement precludes determination of a guideline range based on information "involving criminal activity for which he has not been or will not be charged pursuant to this agreement." Together, the two sentences clearly require the disclosure of Brent's criminal activities in the charged offenses without protecting him from the adverse consequences of such disclosure.[2] The district court's reliance on information regarding Brent's involvement in the criminal activity for which he entered a plea of guilty was wholly consistent with the plea agreement.
 
 
 8
 Nor do we find that the district court's assessment of Brent's role in the offense should have been constrained by the facts set forth in the agreement. Those facts merely "represent the defendant's readily provable offense conduct and specific offense characteristics." We conclude that the sentence imposed is not contrary to the plea agreement and accordingly find that Brent's waiver precludes our review of his sentence.
 
 IV
 
 9
 For these reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that United States v. David Oesterblad, No. 92-10384, is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we conclude that the indictment sufficiently charged Appellants with a conspiracy to defraud Pan Am of property, we do not address the argument that Appellants did not cause Pan Am any monetary loss
 
 
 [2]
 This language distinguishes the present case from those cited by Brent in his supplemental letter brief