17 F.3d 397
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dawn Elise DYKSTRA, Defendant-Appellant.
 No. 93-55747.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 7, 1994.
 
 Before: SNEED, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Dawn Elise Dykstra appeals pro se the district court's denial of her 28 U.S.C. Sec. 2255 motion challenging her sentence. Dykstra pled guilty to conspiracy to possess methamphetamine with intent to distribute in violation of 21 U.S.C. Secs. 841(a)(1) and 846. Dykstra claims that the plea agreement she entered into with the government, which included a specific waiver of her right to appeal, was not knowing and voluntary; that she was denied effective assistance of counsel; and that the government engaged in prosecutorial misconduct. We have jurisdiction under 28 U.S.C. Sec. 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 3
 A defendant who waives the right to appeal made in connection with a plea bargain is precluded from collaterally attacking the sentence, notwithstanding a challenge that the sentence imposed was not in accordance with the negotiated agreement. United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir.), cert. denied, 113 S.Ct. 2980 (1993); United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir.1990) cert. denied, 112 S.Ct. 1488 (1992). Therefore, in a section 2255 motion, a defendant who pleads guilty is limited to alleging that his plea was not voluntary and intelligent or that he received ineffective assistance of counsel. United States v. Broce, 488 U.S. 563, 569 (1989); Mabry v. Johnson, 467 U.S. 504, 508 (1984); Abarca, 985 F.2d at 1013; Navarro-Botello, 912 F.2d at 322.
 
 
 4
 A guilty plea is voluntary and intelligent when the accused is made aware of the nature and elements of the charges against him and the possible punishment he faces, and understands that he is waiving his constitutional rights to avoid compulsory self-incrimination, to confront his accuser, and to a trial by jury. Brady v. United States, 397 U.S. 742, 749 (1970); Boykin v. Alabama 395 U.S. 238, 242-43 (1969). Statements made in open court at the time of a plea carry a strong presumption of verity. Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir.1986).
 
 
 5
 Whenever the trial judge entertains or reasonably should entertain a good faith doubt as to the defendant's ability to understand the nature and consequences of entering a plea of guilty, due process requires the court hold a hearing; sua sponte on the defendant's competence to plead guilty. Chavez v. United States, 656 F.2d 512, 519 (9th Cir.1981).
 
 
 6
 A defendant who enters a guilty plea on advice of counsel may attack the voluntary and intelligent character of the plea by showing that counsel acted incompetently by advising defendant to accept the plea. Shah v. United States, 878 F.2d 1156, 1156 (9th Cir.), cert. denied, 493 U.S. 869 (1989). To establish that counsel was ineffective during plea proceedings, the two-part test of Strickland v. Washington, 466 U.S. 668 (1984) applies. Hill v. Lockhart, 474 U.S. 52, 57 (1985). Thus, the defendant must show that counsel's advice as to the consequences of the plea was not within the range of competence demanded of criminal attorneys, and that but for counsels' advice, he would not have pleaded guilty. Hill, 474 U.S. at 58; Doganiere v. United States, 914 F.2d 165, 168 (9th Cir.1990), cert. denied, 499 S.Ct. 940 (1991).
 
 
 7
 During Dykstra's sentencing hearing the court advised her of her right to persist in her plea of not guilty, to remain silent, to a speedy and public trial by jury, to confront and cross-examine all witnesses who testified against her, and to have subpoenas issued to have people testify on her behalf. Dykstra told the court she understood those rights, discussed them with her attorney and wished to waive them and enter a plea of guilty.
 
 
 8
 The court advised her that the maximum penalty for the offense was up to forty years in prison, a five-year term of supervised release, and up to a $2 million fine. Dykstra told the court that other than the promises in the plea agreement, no other promises of reward or immunity or lesser sentence had been made to induce her plea. In accepting her plea, the court also specifically inquired whether she read the plea agreement and realized that she was waiving her right to appeal under the terms of the plea agreement. Dykstra responded that she was waiving her right to appeal under the terms of the plea agreement. Moreover, the court found no indication that Dykstra was mentally incompetent to enter her plea as she alleges for the first time in her Sec. 2255 motion. Thus, Dykstra's guilty plea was voluntary and intelligent. See Brady, 397 U.S. at 749; Boykin 395 U.S. at 243; Chizen, 809 F.2d at 562; Chavez, 565 F.2d at 519.
 
 
 9
 Dykstra's claim of ineffective assistance of counsel fails to meet the first prong of the Strickland test. Dykstra was charged with two counts of conspiracy to possess methamphetamine with intent to distribute and one count of unlawful possession of firearms, which carried a possible sentence of 210 months, a five-year term of supervised release and up to a $2 million fine. However, counsel succeeded in persuading the government to drop two of the three charges brought against Dykstra, and had the sentence reduced to 97 months. Dykstra told the court that she discussed the negotiated plea with her attorney, and asserted in her plea agreement that she was satisfied with the services of her attorney. Accordingly, counsel's recommendation that Dykstra plead guilty to a reduced charge did not fall below an objective standard of reasonableness. See Strickland, 466 U.S. at 687-88. Thus, the district court did not err in denying Dykstra's claim of ineffective assistance of counsel. See Hill, 474 U.S. at 56-7.
 
 
 10
 In her Sec. 2255 motion, Dykstra also claims that the government was involved in certain prosecutorial misconduct including illegal search and seizure, governmental use of "unconstitutional evidence", perjury, evidence tampering, and withholding of exculpatory evidence. However, Dykstra is precluded from raising these issues in her Sec. 2255 motion because she made a knowing and voluntary waiver of her right to appeal in her plea agreement. See Broce, 488 U.S. at 569; Abarca, 985 F.2d at 1014; Navarro-Botello, 912 F.2d at 321.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3