17 F.3d 393
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Virginia Gail BERRY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-16177.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 14, 1994.
 
 1
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Virginia Gail Berry, a federal prisoner, appeals pro se the denial of her 28 U.S.C. Sec. 2255 motion to vacate her sentence. Berry pleaded guilty to conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. Sec. 841(a)(1). She contends that she was entitled to a downward adjustment for minimal participation in the offense pursuant to U.S.S.G. Sec. 3B1.2(a). We have jurisdiction under 28 U.S.C. Sec. 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 4
 As part of a plea agreement, a defendant may waive the right to appeal her sentence. United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir.1990), cert. denied, 112 S.Ct. 1488 (1992). A waiver of the right to appeal a sentence includes a waiver of the right to challenge the sentence in a 28 U.S.C. Sec. 2255 motion. United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir.) (defendant not necessarily foreclosed, however, from claiming in Sec. 2255 motion that waiver was involuntary), cert. denied, 113 S.Ct. 2980 (1993).
 
 
 5
 In her plea agreement, Berry waived "any right to appeal the imposition of sentence upon her under Title 18, United States Code, Section 3742 (sentence appeals), as long as the sentence given is within that contemplated by the plea agreement." In her brief, Berry states that she has abandoned her claim that her plea was involuntary. Accordingly, she has waived her right to challenge her sentence by claiming that she was entitled to a downward adjustment for minimal participation. See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3