19 F.3d 1442
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ralph NIEBLAS, Defendant-Appellant.
 No. 93-55219.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided March 1, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ralph Nieblas, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate his sentence imposed following his guilty plea to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. Sec. 846. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 BACKGROUND
 
 3
 On October 18, 1989, Nieblas was indicted for conspiracy to distribute methamphetamine and heroin, distribution of methamphetamine and heroin, and possession of methamphetamine with the intent to distribute, in violation of 21 U.S.C. Secs. 841(a)(1) and 846. Pursuant to a plea agreement with the government, Nieblas pleaded guilty to one count of conspiracy to distribute methamphetamine and waived his right to appeal the sentence. In exchange, the government stipulated to a sentencing range of 130 to 162 months and agreed to dismiss the remaining counts of the indictment. In accordance with the terms of the plea agreement, the district court sentenced Nieblas to a term of 162 months.
 
 DISCUSSION
 I. Voluntariness of Guilty Plea
 
 4
 Nieblas contends that his guilty plea was not knowing and voluntary because he did not understand that the district court would consider all overt acts supporting the conspiracy count in sentencing him.
 
 
 5
 To comport with due process, a guilty plea must be voluntary and intelligent. Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). In assessing the voluntariness of a guilty plea, a defendant's statements made in open court contemporaneously with his plea are accorded great weight. Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir.1986).
 
 
 6
 At the change of plea hearing, the prosecutor stated that the court could consider all overt acts supporting the conspiracy count pursuant to the plea agreement. Nieblas acknowledged in open court that this conformed with his understanding of the plea agreement. Accordingly, the district court properly rejected Nieblas's contention that his guilty plea was not knowing and voluntary.
 
 II. Ineffective Assistance of Counsel
 
 7
 Nieblas contends that he was denied the effective assistance of counsel because defense counsel erroneously informed him that he was subject to a ten-year minimum term, failed to inform him that he would be held accountable for the amount of drugs set forth in all the overt acts supporting the conspiracy count, and failed to inform him that his waiver of his right to appeal encompassed constitutional claims.
 
 
 8
 To demonstrate ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). In order to show prejudice in the context of a guilty plea, the defendant must demonstrate that he would not have pleaded guilty and would have insisted on going to trial but for counsel's ineffective assistance. Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 9
 We reject Nieblas's ineffective assistance of counsel claim because he has not demonstrated prejudice. At the change of plea hearing, the district court ensured that Nieblas understood the range of penalties that could be imposed before accepting his guilty plea. Defense counsel and the prosecutor explained the plea agreement, and Nieblas acknowledged his understanding of the agreement, including waiver of the right to appeal. The record demonstrates that Nieblas pleaded guilty with full knowledge of all relevant considerations.
 
 III. Ex Post Facto Clause
 
 10
 Nieblas contends that the district court's application of the November 1, 1989 amendments to the Sentencing Guidelines violated the ex post facto clause. His knowing and voluntary waiver of his right to appeal his sentence as part of the plea agreement precludes him from raising this issue in a section 2255 motion. See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir.), cert. denied, 113 S.Ct. 2980 (1993).
 
 IV. New Issues on Appeal
 
 11
 For the first time on appeal, Nieblas contends that the district court improperly calculated the amount of drugs in determining his guidelines range and erroneously sentenced him as a career offender. Because there are no exceptional circumstances warranting review of these contentions for the first time on appeal, we decline to address them. See United States v. Oregon, 769 F.2d 1410, 1414 (9th Cir.1985).[1]
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court properly denied Nieblas's section 2255 motion without an evidentiary hearing because "the motion and the files and the record conclusively show that [he] is entitled to no relief." See 28 U.S.C. Sec. 2255; Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.), cert. denied, 493 U.S. 869 (1989)