29 F.3d 637
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Respondent-Appellee,
v.
Jose Rivera VILLASENOR, Petitioner-Appellant.
 No. 93-16449.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 20, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Rivera Villasenor, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence and conviction. Villasenor pleaded guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. Secs. 846 and 841. Villasenor contends that: (1) he was denied the effective assistance of counsel because his attorney did not timely appeal his sentence; (2) he is entitled to a three-level reduction of his sentence for acceptance of responsibility; (3) he is entitled to a reduction from his minimum mandatory sentence because the law may change; and (4) the government entrapped him into selling cocaine. We have jurisdiction under 28 U.S.C. Sec. 2255. We review de novo, United States v. Johnson, 988 F.2d 941, 944 (9th Cir.1993), and affirm.
 
 
 3
 As part of a plea agreement, a defendant may expressly waive his right to appeal if the waiver is knowingly and voluntarily made. United States v. DeSantiago-Martinez, 980 F.2d 582 (9th Cir.1992); United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir.1990), cert. denied, 112 S.Ct. 1488 (1992). A waiver of the right to appeal a sentence includes a waiver of the right to collaterally attack the sentence under 28 U.S.C. Sec. 2255. United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir.), cert. denied, 113 S.Ct. 2980 (1993). However, the waiver of the right to appeal does not prevent a defendant from challenging a sentence that is not in accordance with the plea agreement. Navarro-Botello, 912 F.2d at 321.
 
 
 4
 In his plea agreement, Villasenor waived "... any right to raise, appeal, and/or file any post-conviction writs of habeas corpus concerning any and all motions, defenses, hearings, probable cause determinations and objections ...," provided that the court's entry of judgment was consistent with the plea agreement. The parties also agreed that the applicable guidelines range could be anywhere from 46 months to 150 months, depending on Villasenor's criminal history category. In addition, the parties agreed that any sentence would also be subject to the statutory mandatory minimum sentence of 5 years (60 months). The district court imposed the mandatory minimum sentence of 60 months.
 
 
 5
 Villasenor does not suggest that his waiver was involuntary or unintelligent. See DeSantiago-Martinez, 980 F.2d at 582-83. Moreover, the district court imposed a sentence which was consistent with the plea agreement. Accordingly, Villasenor cannot challenge his sentence and conviction under 28 U.S.C. Sec. 2255, since he waived this right in his plea agreement. See Abarca, 985 F.2d at 1014; Navarro-Botello, 912 F.2d at 321.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Villasenor's request for oral argument is denied. In addition, Villasenor's second motion for the appointment of counsel is denied. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.1983)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3