**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-50226
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

LIBERATO HEREDIA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Western District of Texas
(DR 94 CV 56)
_____
September 1, 1995

Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Liberato Heredia appeals the denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Finding no error, we affirm.

_____

[*] Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that rule, the court has determined that this opinion should not be published.

I.

Heredia pleaded guilty to conspiracy to possess with intent to distribute more than 1000 kilograms of marihuana. He was sentenced to 121 months' imprisonment, five years' supervised release, and a $50 special assessment. He previously had pleaded guilty to possession with intent to distribute more than fifty kilograms of marihuana and was sentenced to forty-one months' imprisonment (the "Pecos case"). His sentence in the instant case runs concurrently with the Pecos sentence.

Heredia filed a direct appeal. His counsel filed a motion for leave to withdraw and an Anders[1] brief. We granted the motion and dismissed the appeal, holding that Heredia had waived his right to appeal in his plea agreement and had made no showing that the waiver was invalid. See United States v. Heredia, No. 92-8528 (5th Cir. Aug. 17, 1993) (unpublished).

Heredia then filed this § 2255 motion, arguing that (1) his counsel was ineffective; (2) the district court sentenced him based upon inaccurate information; (3) the district court sentenced him without sufficient evidence of his involvement with the entire amount of marihuana; and (4) his convictions for possession and conspiracy violated double jeopardy principles.

The magistrate judge issued a report and recommendation that Heredia's motion be denied. Heredia filed objections. After conducting a de novo review of the record, the district court denied Heredia's motion.

_____

[1] See Anders v. California, 386 U.S. 738 (1967).

2

II.

A.

The government argues that Heredia waived his right to challenge his sentence in a § 2255 motion. The government contends that Heredia has not shown that the waiver was unknowing or involuntary and that his claims challenging his sentence should be dismissed based upon the waiver of his right to file a § 2255 motion.

An informed and voluntary waiver of § 2255 relief in a plea agreement is effective to bar such relief. United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). But "[s]uch a waiver may not always apply to a collateral attack based upon ineffective assistance of counsel." Id.[2]

Heredia pleaded guilty to the conspiracy offense pursuant to a plea agreement, which provides in pertinent part:

> [Heredia] expressly waives the right to appeal his sentence on any ground, including any appeal right conferred by title 18, U.S.C., § 3742. Similarly, the Defendant agrees not to contest his sentence or the manner in which it was determined in any post-conviction proceeding, including, but not limited to, a proceeding under Title 28, U.S.C., § 2255.
>
> . . . .
>
> [T]he Defendant knowingly waives his right to appeal the sentence or to contest it in any post-conviction proceeding in exchange for the concessions made by the Government in this agreement.

---

[2] See United States v. Fowler, No. 94-10773 (5th Cir. Jan. 25, 1995) (unpublished) (holding that defendant waived § 2255 relief, including ineffective assistance claims for failure of counsel to raise issues knowingly and voluntarily waived in plea agreement); United States v. Thomas, No. 94-50288 (5th Cir. Nov. 17, 1994) (unpublished). See also United States v. Abarco, 985 F.2d 1012, 1014 (9th Cir. 1993).

On direct appeal, we held that Heredia had waived his right to appeal and that he had made no showing that the waiver was invalid.

Heredia does not argue that the above waiver of his right to contest his sentence in a § 2255 motion was unknowing or involuntary. He does assert that his counsel was ineffective in that (1) he gave Heredia inadequate advice concerning the amount of drugs that would be used to calculate his sentence; (2) he failed to seek a reduction for Heredia's allegedly minor role in the offense; and (3) he failed to raise on appeal the issues Heredia raised in this § 2255 motion. Heredia does not allege that his counsel was ineffective in negotiating the plea agreement or the waiver provision specifically. Therefore, Heredia waived his right to challenge his sentence in a § 2255 motion, and we affirm the denial of his motion on this ground. See Bickford v. International Speedway Corp., 654 F.2d 1028, 1031 (5th Cir. Unit A Aug. 1981).

AFFIRMED.