**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Terrance FISCHER, Defendant—**
**Appellant.**

**No. 08–35163.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 13, 2009.*

Filed April 17, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Geoffrey A. Barrow, Assistant U.S., Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Terrance Fischer, Seagoville, TX, pro se.

Before: GRABER, GOULD, and BEA, Circuit Judges.

### MEMORANDUM **

■ Federal prisoner Terrance Fischer appeals pro se from the district court's judgment dismissing his 28 U.S.C. § 2255 motion for post-conviction relief. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

■ Fischer plead guilty to ten counts related to the importing and distribution of drugs pursuant to a written plea agreement. Fischer's plea agreement includes an enforceable waiver of his right to bring a § 2255 motion. *See United States v. Abarca,* 985 F.2d 1012, 1014 (9th Cir.1993). The waiver includes an exception for ineffective assistance of counsel claims; this court limits its review to those allegations for relief.

Fischer contends the prosecutor's refusal to file a motion for a downward departure in sentencing was arbitrary. A prosecutor's exercise of discretion in filing a motion for a downward departure in sentencing is arbitrary if the prosecutor's decision was not rationally related to any legitimate governmental interest. *See United States v. Murphy,* 65 F.3d 758, 762 (9th Cir.1995). Fischer fails to show that the prosecutor's decision was arbitrary. *See id.* Therefore, Fischer's attorney did not provide deficient performance by failing to introduce evidence that the prosecution considered filing a motion for downward departure. *See Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Fischer also argues that the sentencing court's consideration of his criminal history violated the doctrine of specialty. The doctrine of specialty states that a defendant cannot be prosecuted or punished for an offense other than that for which extradition has been granted. *United States v. Rauscher,* 119 U.S. 407, 419–20, 7 S.Ct. 234, 30 L.Ed. 425 (1886). The doctrine of specialty does not apply to the consideration of other criminal behavior in sentencing. *United States v. Lazarevich,* 147 F.3d 1061, 1063–64 (9th Cir.1998). Therefore, Fischer's attorney did not provide deficient performance by failing to argue that the doctrine of specialty limited the court's application of the sentencing guidelines. *See Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Fischer's motion for oral hearing and appointment of counsel is denied. *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir.1983).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.