**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 4 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-36005 |
| Plaintiff-Appellee, | D.C. Nos. 3:16-cv-00082-TMB<br>3:02-cr-00007-SLG-2 |
| v. | |
| TIMOTHY E. BECKETT, AKA Ian, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted December 9, 2021[**]
Seattle, Washington

Before: McKEOWN and BADE, Circuit Judges, and FITZWATER,[***] District Judge.

Petitioner Timothy Beckett and accomplices were indicted for participating

in two completed robberies and one attempted robbery of a motel in Anchorage,

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Alaska. After trial, a jury found Beckett guilty of conspiracy to commit robbery, robbery, and attempted robbery, as well as multiple counts of using a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) and transferring a firearm knowing that the weapon would be used to commit a crime of violence in violation of 18 U.S.C. § 924(h). After the guilty verdict, Beckett entered a sentencing agreement with the government that included a waiver of his rights to collaterally attack his convictions and sentence. Beckett was ultimately sentenced to 420 months' imprisonment. Beckett now collaterally attacks his § 924 convictions, arguing they are unconstitutional by virtue of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).

A defendant may waive his right to collaterally attack his sentence or conviction. *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). Such a waiver is enforceable if "(1) the language of the waiver encompasses [the defendant's] right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Goodall*, — F.4th —, 2021 WL 6132016, at *5 (9th Cir. 2021) (alteration in original) (internal quotation marks omitted) (discussing the closely related topic of appeal waivers).

Beckett's sentencing agreement contains a broad collateral attack waiver, with only two exceptions: ineffective assistance of counsel and "a challenge to the voluntariness of his guilty plea." Beckett nowhere argues that his challenge to his

2

convictions falls outside the waiver provision or within one of its listed exceptions, nor does he argue that the waiver was involuntary. Beckett therefore has waived his right to collaterally attack his convictions. *See Abarca*, 985 F.2d at 1014.

Beckett argues that his collateral attack waiver is not enforceable in this case because he attacks his sentence under the "illegal sentence" exception, which allows a petitioner to circumvent a waiver if he argues that his sentence is illegal. *See United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007) (as amended).

This argument fails. Because Beckett attacks the purported illegality of his convictions rather than his sentence, his petition does not fall under the illegal sentence exception. *See Goodall*, — F.4th —, 2021 WL 6132016 at *6–8. We accordingly affirm the district court's denial of Beckett's petition as barred by the collateral attack waiver in his sentencing agreement. *See id.* at *8; *Abarca*, 985 F.2d at 1014.

**AFFIRMED.**