**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-36006 |
| Plaintiff-Appellee, | D.C. Nos.    3:16-cv-00095-TMB |
| v. | 3:02-cr-00007-SLG-1 |
| GABRIEL CLARK-AIGNER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted December 9, 2021[**]
Seattle, Washington

Before:  McKEOWN and BADE, Circuit Judges, and FITZWATER,[***] District Judge.

Gabriel Clark-Aigner ("Clark-Aigner") and accomplices were indicted for

participating in two completed robberies and one attempted robbery of a motel in

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]        The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Anchorage, Alaska. Pursuant to a plea agreement, Clark-Aigner pleaded guilty to two counts of interference with commerce by robbery (Hobbs Act robbery) in violation of 18 U.S.C. § 1951(a), and two counts of using and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). Under the plea agreement, the government agreed to dismiss all remaining counts against Clark-Aigner, and he agreed to a broad waiver of his rights to collaterally attack his convictions and sentence. The district court sentenced Clark-Aigner to 300 months' imprisonment. Clark-Aigner then brought a motion under 28 U.S.C. § 2255 collaterally attacking his § 924(c) convictions, arguing that they are unconstitutional in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). The district court denied Clark-Aigner's motion. It adopted the magistrate judge's final report, which recommended that Clark-Aigner's motion be denied on the ground, *inter alia*, that he had waived the right to collaterally attack his conviction in his plea agreement.

A defendant may waive his right to collaterally attack his sentence or conviction. *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). Such a waiver is enforceable if "(1) the language of the waiver encompasses [the defendant's] right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Goodall*, — F.4th —, 2021 WL 6132016, at *5 (9th Cir. 2021) (alteration in original) (internal quotation marks omitted)

(discussing the closely related topic of appeal waivers). We have recognized that an appeal waiver will not apply if the sentence is illegal. *See United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007) (as amended). But this exception does not apply to challenges to purportedly illegal convictions—such as the challenge that Clark-Aigner makes here. *See Goodall*, — F.4th —, 2021 WL 6132016, at *6-8 (explaining that the illegal sentence exception does not authorize challenges to illegal convictions). We review de novo whether Clark-Aigner has waived his right to collaterally attack his § 924(c) convictions. *See Bibler*, 495 F.3d at 623 (citing *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005)).

Clark-Aigner's plea agreement contains a broad collateral attack waiver, with only two exceptions: ineffective assistance of counsel, and "a challenge to the voluntariness of his guilty plea." In his briefing on appeal, Clark-Aigner does not address the district court's enforcement of the collateral attack waiver, and he does not raise arguments related to ineffective assistance of counsel or the voluntariness of his guilty plea. We therefore conclude that he has waived his right to collaterally attack his convictions. *See Abarca*, 985 F.2d at 1014.

Accordingly, we affirm the district court's denial of Clark-Aigner's § 2255 motion as barred by the collateral attack waiver in his plea agreement. *See id.*; *Goodall*, — F.4th —, 2021 WL 6132016, at *8.

**AFFIRMED**.