972 F.2d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Anthony PRUITT, Defendant-Appellant.
 No. 91-50709.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Aug. 27, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Anthony Pruitt appeals his sentence imposed under the United States Sentencing Guidelines after his guilty plea to illegal use of a communications facility, in violation of 21 U.S.C. § 843(b). He contends that during plea and sentencing proceedings, he received ineffective assistance of counsel, which resulted in an excessive sentence.[1] The government has moved to dismiss this appeal on the ground that Pruitt's plea agreement precludes this court's consideration of any sentencing issues. We dismiss the appeal.
 
 
 3
 We will enforce a knowing and voluntary plea agreement in which the defendant expressly waives the right to appeal his sentence. United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991) (upholding waiver of 18 U.S.C. § 3742(a)(2) right to appeal sentence imposed as result of incorrect application of Guidelines); United States v. Navarro-Botello, 912 F.2d 318, 322 (9th Cir.1990), cert. denied, 112 S.Ct. 1488 (1992). In interpreting the terms of a plea agreement, we look to what the defendant reasonably understood when he entered his plea. United States v. Pomazi, 851 F.2d 244, 250 (9th Cir.1988), overruled on other grounds, Hughey v. United States, 495 U.S. 411 (1990).
 
 
 4
 Pruitt's plea agreement provides as follows: "Defendant agrees that he will not appeal whatever sentence is imposed by the court." On appeal, Pruitt contends that his attorney provided ineffective assistance because he did not include a statement of acceptance of responsibility in the plea agreement, did not help Pruitt to prepare a written statement of acceptance of responsibility, failed coherently to request a section 5K2.13 downward departure based on diminished capacity, and did not request a downward adjustment based on Pruitt's role in the offense. Pruitt contends that if he had received effective assistance of counsel, he would have received a lower sentence. He asks this court to vacate his sentence and remand with instructions for the district court to appoint new counsel to represent him at resentencing.
 
 
 5
 Pruitt's contention that he received ineffective assistance of counsel is in effect an appeal from his sentence. Accordingly, we find that the plea agreement bars this appeal. See Bolinger, 940 F.2d at 480; Pomazi, 851 F.2d at 250.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his opening brief, Pruitt also contends that the district court erred by refusing to make a downward for acceptance of responsibility under U.S.S.G. § 3E1.1. Nevertheless, in his subsequent response to the government's motion to dismiss this appeal, Pruitt argues only that he did not waive his right to raise ineffective assistance of counsel on appeal; he does not contest the government's contention that the issue of acceptance of responsibility is precluded by his plea agreement. Accordingly, we do not address the issue of acceptance of responsibility