980 F.2d 740
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Joseph SCAVIA, Defendant-Appellant.
 No. 91-50681.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1992.*
Decided Nov. 24, 1992.
 
 Before BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 A. Appellant challenges his conviction for possession of narcotics with intent to distribute in violation of 21 U.S.C. § 841(a)(1). First, he argues the district court failed to comply with Franks v. Delaware, 438 U.S. 154 (1978), in refusing to hold an evidentiary hearing to test the truthfulness of an affidavit in support of the search warrant. Despite the denial of a full-dress Franks hearing, appellant had ample opportunity to establish a foundation therefor. On October 17, 1990 the district court held an evidentiary hearing during which Scavia's counsel, Berger, questioned the affiant, Agent Taylor of the DEA, and explored the factual basis of the affidavit with the court. R.T. 10/17/90 at 71. The court continued the hearing to the next day and heard further argument from Berger (and rebuttal from the government) as to which statements in the affidavit were deliberately falsified. See R.T. 10/18/91. At this hearing, counsel passed up a second crack at questioning Taylor. Id. at 19. Following this second hearing the court took the motion under submission.
 
 
 3
 On January 23, 1991, the court denied defendant's motion challenging the search warrant on the ground that "[t]here were no material omissions." R.T. 1/23/91 at 50. Thus the court ruled that the defendant failed to make "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." Franks, 438 U.S. at 155-56. After reviewing the allegedly false statements, which are restated in full in appellant's brief, we hold that the district court's ruling that appellant didn't make the requisite showing of falsehood was not clearly erroneous.
 
 
 4
 In any event, any "allegedly false statements [were not] necessary to the finding of probable cause." Id. at 156. Even were we to react all of the contested statements from the thirty-page affidavit ample evidence would still exist to support probable cause.
 
 
 5
 B. Scavia also argues that the district court's refusal to grant his Motion For Substitution of Attorney was an abuse of discretion. However, in paragraph twelve of his plea agreement "Scavia expressly agree[d] to waive ... his right to appeal any orders, findings or rulings of this court," but retained "the right to appeal [the] rulings on defendant Scavia's Rule 41 Motion to Return Property (Franks Motion)." E.R. 73-74. Because appellant does not challenge the validity of the agreement, we enforce his waiver of the right to appeal. United States v. Navarro-Botello, 912 F.2d 318 (9th Cir.1990), cert. denied, 112 S.Ct. 1488 (1992).
 
 
 6
 Accordingly, Scavia's appeal from the denial of the substitution motion is DISMISSED; the balance of his conviction is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3