985 F.2d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald A. FOGEL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-16692.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 13, 1992.*
Decided Feb. 1, 1993.
 
 Appeal from the United States District Court for the District of Arizona (Tucson); No. CR-89-00131-WDB, William D. Browning, District Judge, Presiding.
 D.Ariz.
 AFFIRMED.
 Before GOODWIN, FLETCHER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Fogel appeals the district court's denial of his petition, brought pursuant to 28 U.S.C. § 2255, for collateral relief from his sentence following his plea of guilty to several counts of narcotics trafficking. We affirm.
 
 
 3
 * On May 2, 1989, the United States filed a superseding indictment against Fogel, charging him with one count of attempted possession with the intent to distribute one thousand pounds of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii), and 846, and three counts of using a telephone in committing, causing, and facilitating an attempt to possess marijuana with the intent to distribute, in violation of 21 U.S.C. § 843(b). The parties subsequently entered into a plea agreement, the terms of which were fleshed out at a hearing held by the district court on June 12, 1989. At that hearing, the defendant pled guilty to two of the counts of using a telephone to facilitate a narcotics transaction. The following terms of the agreement were made clear at the hearing: the defendant was to receive no more than four years of imprisonment on each count, with the terms to run concurrently if imprisonment were imposed on both counts; neither party was to appeal an upward or downward sentencing departure by the district court provided the sentence did not exceed four years of incarceration; and the United States was to dismiss the remaining counts of the indictment at the time of sentencing.
 
 
 4
 The presentence report contained a guidelines calculation reflecting an offense level of 14 and a criminal history category II, resulting in a range of imprisonment between 18 and 24 months. The report noted that, under 21 U.S.C. § 843(c), the defendant could receive up to four years imprisonment on each of the two counts and that one year of supervised release could additionally be imposed with respect to each count. The report concluded by stating that an upward departure might be warranted in setting the defendant's sentence, as the seriousness of his prior criminal involvement was perhaps not adequately reflected in Guidelines computation.
 
 
 5
 The district court sentenced the defendant as follows:
 
 
 6
 [T]he defendant is hereby committed to the custody of the Attorney General or his authorized representative for a period of four (4) years on each of Counts 2 and 4, said counts to be served or run concurrently with each other. In addition the defendant shall serve a one (1) year term of supervised release on each of counts 2 and 4, to begin upon the defendant's release from confinement and as provided by law, said terms of supervised release to be served or run concurrently with each other.
 
 
 7
 The defendant did not appeal. However, on May 21, 1991, he petitioned the district court for relief from his sentence pursuant to 28 U.S.C. § 2255. After holding an evidentiary hearing, the district court denied the petition.
 
 
 8
 The defendant makes three arguments on appeal, discussed below.
 
 II
 A. Upward Departure
 
 9
 The guidelines range for Fogel's offense is 18-24 months imprisonment, with an additional year of required supervised release. The presentence report mentioned the possible appropriateness of an upward departure. The district court sentenced Fogel to four years imprisonment on each count (with the terms to run concurrently) and a year of supervised release (one year on each count, but again to run concurrently). Fogel contends that the district court relied on impermissible factors in deciding to depart upward, and that it did not provide him with adequate notice of its intentions.
 
 
 10
 We must first determine whether Fogel can raise these issues in light of his promise not to appeal. The parties are in accord that a salient feature of their plea agreement was that they would not appeal from an upward or downward departure by the district court. We have held that such waivers of the right to appeal as part of a plea agreement do not contravene public policy or the constitutional guarantee of due process. "[I]f it is not a due process violation for a defendant to waive constitutional rights as part of a plea bargain, then a defendant's waiver of a non-constitutional right, such as the statutory right to appeal a sentence, is also waivable ... [In addition,] public policy strongly supports [such] plea agreements...." United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir.1990), cert. denied, 112 S.Ct. 1488 (1992). As in Navarro-Botello, the agreement here clearly contemplated that no appeal would be taken from a decision to impose an upward departure. The district court, furthermore, went over the provisions of the plea agreement with the defendant in some detail, and advised him of the constitutional rights he was foregoing. According to Navarro-Botello, then, the plea agreement was knowingly and voluntarily entered into and binds the defendant with respect to its no-appeal provision. Id. at 321.
 
 
 11
 Here, of course, Fogel is not challenging the district court's upward departure by way of direct appeal, but rather pursuant to a § 2255 petition. Non-constitutional claims that have not been raised on direct appeal, however, cannot be raised in a motion for relief under § 2255. "In this case, each of the defendant's claims is constitutionally based ... Thus, the general rule that claims cannot be raised initially in a § 2255 motion is inapplicable." United States v. Spawr Optical Research, Inc., 864 F.2d 1467, 1471 (9th Cir.1988), cert. denied, 493 U.S. 809 (1989). Fogel's contention that the district court, in engaging in an upward departure, relied on factors deemed impermissible by the Guidelines, is a purely statutory claim. Thus, Fogel cannot, with respect to this claim, circumvent his agreement not to appeal the upward departure by bringing a petition for relief under § 2255.[1]
 
 
 12
 Fogel also contends, however, that the district court did not provide him with adequate notice of the grounds on which it intended to base its upward departure. This claim is cognizable in these § 2255 proceedings as it is of constitutional dimension. In Burns v. United States, 111 S.Ct. 2182 (1991), the Supreme Court construed Rule 32 of the Federal Rules of Criminal Procedure to require that a district court provide a defendant with reasonable notice in situations where it is contemplating an upward departure on grounds identified in neither a presentence report nor the sentencing papers filed by the government. The Court made clear that its reading of Rule 32 was motivated in part by constitutional considerations. "In this case, were we to read Rule 32 to dispense with notice, we would then have to confront the serious question whether notice in this setting is mandated by the Due Process Clause." Id. at 2187. Given its constitutional overtones, we conclude that Fogel's lack-of-notice argument may be heard on collateral review. Spawr, 864 F.2d at 1471.
 
 
 13
 The Burns Court observed that a presentence report or the government's own submissions on the question of an appropriate sentence will ordinarily alert a defendant to the possibility of an upward departure and to the potential grounds for such a departure. The Presentence Report did so in this case. Such notice, the Court declared in Burns, satisfies the concerns of Rule 32, which "contemplates full adversary testing of the issues relevant to a Guidelines sentence...." Burns, 111 S.Ct. at 2186.
 
 
 14
 There is no doubt that the defendant was on notice that inadequate reflection of his prior criminal history might constitute the basis for an upward departure. The presentence report stated that "[t]he defendant's past involvement in drug trafficking activity, and his involvement in the instant offense may warrant an upward departure as the sentencing guideline range for the offense which he pled guilty may not adequately reflect the seriousness of his actual criminal involvement." The report further stated that "[i]n this case, the Court may consider the defendant's involvement in [his] 1980 drug offense might have warranted a more serious sentence if he had not cooperated with authorities. If he had not cooperated, he most likely would have received a sentence that would have resulted in a guideline score of three, instead of one, therefore increasing his criminal history category." And the defendant included in his objections to the presentence report an argument as to why his prior criminal history did not warrant an upward departure, an argument which he reiterated at the sentencing hearing.
 
 
 15
 The court explained its reasons for departure as follows:
 
 
 16
 The court is departing upward from the guidelines in this case, because the continuum of circumstances seems to the court to be such that could not possibly have been contemplated by the Sentencing Commission.
 
 
 17
 I don't believe that the guidelines adequately deal with past criminal history in this case, with the fact of lifetime probation--which was violated by the offenses here; by the fact, which is nowhere contained in the guidelines, that this man knows the ravages of drugs, that he knows what they can do. He has worked with people that have been victimized by drugs, and by people who sell them, and by people who traffick in them, and by other users. The guidelines don't deal with that.
 
 
 18
 The guidelines also seem to deal, in my opinion, inadequately with the fact that Mr. Fogel has had several bites out of this apple, and he continues to gnaw at it. And I'm afraid that nothing less than the sentence of this court would be justified under the guidelines and the mandates of the sentencing set forth by the Congress.
 
 
 19
 The district court did discuss defendant's work with drug victims as making his crimes all the more reprehensible, something not mentioned by anyone before the hearing. But these remarks were in the context of a response to defense counsel's stress on the wonderful service Fogel had been performing in working with these people. It was in no sense an independent reason for departure. The district court was responding to the defendant's plea for leniency. The defendant and his counsel were not taken by surprise. The district court simply rejected as unworthy the argument advanced that Fogel should receive leniency because of this work.
 
 
 20
 B. Supervised Release and the Plea Agreement
 
 
 21
 Fogel contends that the district court's sentence of four years of imprisonment, followed by a year of supervised release, violated his plea agreement, which he interprets as providing for no more than four years imprisonment. If the district court wished to sentence him to a year of supervised release, Fogel argues, the maximum period of imprisonment it could impose was three years. The district court held as a matter of fact based on Fogel's testimony at the § 2255 hearing that the sentence was within the terms of the plea agreement:
 
 
 22
 It's the finding of the court that the defendant understood the plea agreement, that the plea agreement was explicit and fairly explained to him, that he was given an opportunity to clear up any misunderstanding; that he was represented by competent counsel, and he consulted with counsel; and expressed no dissatisfaction with either the sentence imposed after it was imposed, or with the plea agreement as explained by the court, the prosecutor and defense counsel; that the sentence was within the confines of the contemplated sentence by the plea agreement, that all was known to the defendant; and that the evidence introduced here today to the contrary, the court finds not to be credible, and disregards the same as being unbelievable and untrustworthy.
 
 
 23
 We conclude that the district court was not clearly erroneous.
 
 C. The Sentencing Hearing
 
 24
 Fogel raises two claims regarding his sentencing hearing. The first is that the government improperly withheld information from him to which he was entitled under the Jencks Act, 18 U.S.C. § 3500. The second is that the district court improperly added four points to his offense level under the Guidelines on the grounds that he was the leader of a criminal activity involving five or more participants. See Guidelines § 3b1.1(a). Both claims are statutorily based, and neither was raised on direct appeal despite the fact that the no-appeal provision in the plea agreement did not apply to them (the agreement extended only to appeals from an upward or downward departure). Thus, neither claim is cognizable in these § 2255 proceedings. Spawr, 864 F.2d at 1471.
 
 CONCLUSION
 
 25
 We AFFIRM.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note that, to the extent Fogel claims that the district court erred in basing its upward departure on the fact that his criminal history score did not fully reflect the seriousness of his prior criminal involvement, he has clearly misunderstood the Guidelines. The district court apparently based its conclusion regarding the inadequacy of Fogel's criminal history score on the fact that, because Fogel had agreed to cooperate with prosecutors, he had received only a sentence of lifetime probation on weighty narcotics charges brought against him in 1980. § 4A1.3 of the United States Sentencing Commission Guidelines Manual provides that "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range ... A departure under this provision is warranted when the criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes. Examples might include the case of a defendant who ... (5) for appropriate reasons, such as cooperation in the prosecution of other defendants, had previously received an extremely lenient sentence for a serious offense."