21 F.3d 1117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES Of America, Plaintiff-Appellee,
v.
Victor LAGARDA-LAGARDA, Defendant-Appellant.
 No. 93-10444.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 11, 1994.*
Decided April 25, 1994.
 
 Before: SKOPIL, NORRIS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pursuant to a plea agreement, defendant plead guilty to violation of 8 U.S.C. Sec. 1326(a) (1988), Illegal Reentry by an Alien After Deportation. The district court sentenced defendant to a term of imprisonment consistent with the plea bargain. Defendant appeals his sentence. We affirm.
 
 
 3
 Section VI of defendant's plea agreement, titled "Waiver of Defenses and Appeal Rights," included the following waiver:
 
 
 4
 Defendant hereby waives any and all motions, defenses, probable cause determinations, and objections which defendant could assert to the information or to the Court's entry of judgment against him and imposition of sentence upon him consistent with this agreement. Defendant further waives any right to appeal the Court's entry of judgment against him, and waives any right to appeal the imposition of sentence upon him under Title 8, United States Code, Section 3742 (sentence appeals).
 
 
 5
 E.R. at 52 (emphasis added). If this waiver is valid, then defendant cannot challenge his sentence because it was made in accordance with the plea agreement. See United States v. Navarro-Botello, 912 F.2d 318, 319 (9th Cir.1990) ("[I]f the waiver [of a right to appeal pursuant to plea agreement] is made voluntarily and knowingly, it is enforceable and does not violate due process or public policy."), cert. denied, 112 S.Ct. 1488 (1992).
 
 
 6
 On appeal, defendant argues that the waiver was not made knowingly. This argument fails. As quoted above, Sec. VI makes clear that among the rights defendant waives is the right to appeal a sentence consistent with the plea agreement. In addition, in Sec. IX.A, the waiver states:
 
 
 7
 I agree to enter my guilty plea on the terms and conditions set forth in this agreement after having been fully advised by my attorney of the nature of the charge to which I am entering my guilty plea and the nature and range of the possible sentence.
 
 
 8
 E.R. at 53 (emphasis added). On its face, the waiver notified defendant that if the trial court sentenced him in accordance with the plea bargain, he could not appeal the sentence.
 
 
 9
 Furthermore, the district court conducted an extensive colloquy with the defendant to make certain that his plea was knowing, intelligent, and voluntary. See E.R. at 58-64. In particular, the district court discussed the maximum sentence defendant could receive pursuant to the plea agreement. See id. at 61. The district court also asked if defendant understood the waiver since it was written in English. See id. at 63. Defendant replied yes. Even more to the point, after the court pronounced sentence, it stated that "[o]n page four of the plea agreement, there is a provision that the Defendant waives his right to appeal the sentence if I sentence within the terms of the plea agreement. That's page four. Accordingly, I will not at this time advise you of your right to appeal the sentence." Id. at 67-68. No objection was made.
 
 
 10
 Defendant argues that in the colloquy, the district court should have specifically discussed the waiver of the right to appeal the sentence. But this requirement has been rejected by the Ninth Circuit. See United States v. DeSantiago-Martinez, 980 F.2d 582, 583 (9th Cir.1992) ("[C]olloquy on the waiver of the right to appeal is not a prerequisite to a finding that the waiver is valid....").
 
 
 11
 Based upon the waiver language and the colloquy, we hold that defendant's waiver was knowingly and voluntarily made. See United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991) ("an express waiver of the right to appeal in a negotiated plea of guilty is valid if knowingly and voluntarily made.").
 
 
 12
 The sentence is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3