40 F.3d 1247
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Emiro GONZALEZ, aka Emiro Gonzales, Defendant-Appellant.
 No. 94-50080.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 21, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Emiro Gonzalez appeals his sentence under the Sentencing Guidelines imposed following his guilty plea to conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1) and 846. Gonzalez contends that the district court violated 18 U.S.C. Sec. 3553(c)(1) by failing to state its reasons for imposing a sentence at a particular point within the applicable guidelines range. Because Gonzalez expressly waived his right to appeal, we dismiss.
 
 
 3
 Gonzalez's plea agreement included a waiver of appeal which stated in pertinent part:
 
 
 4
 ... [Y]ou knowingly and voluntarily waive your right to appeal any sentence imposed by the Court and the manner in which the sentence is determined, so long as your sentence is within the statutory maximum specified above.
 
 
 5
 The statutory maximum specified in the plea agreement was life imprisonment, a period of supervised release of at least five years, a fine of $4,000,000, and a special assessment of $50. The district court determined that Gonzalez's offense level was 33, resulting in a sentencing guideline range of 135 to 168 months. The district court sentenced Gonzalez to 150 months.
 
 
 6
 Gonzalez does not question the validity of his waiver of the right to appeal. Compare United States v. Gonzalez, 981 F.2d 1037, 1038 (9th Cir.1992) (denying the government's motion to dismiss an appeal where the defendant called into question the validity of the waiver by contending that the government breached the plea agreement). Nor does Gonzalez contend that the sentence imposed "is not in accordance with the negotiated agreement." United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir.1990). Rather, the plain meaning of the plea agreement is that Gonzalez waived his right to appeal so long as the sentence imposed is within the statutory maximum. The sentence imposed was within the statutory maximum. Gonzalez therefore waived his right to appeal. See United States v. Bolinger, 940 F.2d 478 (9th Cir.1991) (enforcing waiver of appeal where the district court sentenced defendant to term within range specified in plea agreement).
 
 
 7
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3