81 F.3d 171
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daryl J. PARSON, Defendant-Appellant.
 No. 95-50305.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 26, 1996.*
Decided March 27, 1996.
 
 Before: CHOY, SKOPIL, FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daryl J. Parson appeals his sentence imposed by the district court after pleading guilty to attempted income tax evasion in violation of 26 U.S.C. § 7201. He contends that the court imposed an excessive fine. We conclude that Parson waived his right to appeal as a condition of the plea agreement.
 
 
 3
 The plea agreement provides that "defendant waives any right to appeal or to collaterally attack the conviction and sentence, unless the court imposes a custodial sentence greater than the high end of the offense level recommended by the Government." Parson was in fact sentenced within the custodial guideline range specified in the plea agreement. Thus, the sentence conformed with the negotiated agreement. See United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir.1990), cert. denied, 503 U.S. 942 (1992). Moreover, Parson acknowledged in the plea agreement that he was subject to a maximum fine of $250,000, and did not object when the district court imposed the fine. Parson's waiver of his right to appeal was knowing and voluntary. See United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991).
 
 
 4
 Finally, the district court never determined that Parson was unable to pay any fine. The court's oral judgment is controlling. See United States v. Hicks, 997 F.2d 594, 597 (9th Cir.1993). The typographical error in the original written judgment was properly corrected by an amended judgment. See id.
 
 
 5
 DISMISSED.
 
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4