116 F.3d 483
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard COPLIN, as Guardian Ad Litem for Kevin Dale Coplin,
Plaintiff-Appellant,
v.
CONEJO VALLEY UNIFIED SCHOOL DISTRICT; Richard W. Simpson,
individually and as a member of the CVUSD; Charles Eklund,
individually and as a member of the CVUSD; Mildred Andress,
individually and as a member of the CVUSD, Defendants-Appellees.
 No. 95-56693.
 United States Court of Appeals, Ninth Circuit.
 June 11, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, No. CV-94-02896-ER(JR) Edward Rafeedie, District Judge, Presiding.
 
 
 2
 Before: FLETCHER and PREGERSON, Circuit Judges, and WEXLER,** District Judge.
 
 
 3
 MEMORANDUM*
 
 I.
 
 4
 Appellant Richard Coplin ("Coplin"), as guardian ad litem for his son Kevin Coplin ("Kevin"), appeals the district court's grant of summary judgment to appellees Richard Simpson, Assistant Superintendent for the Conejo Valley Unified School District ("School District"), Charles Eklund, Principal at Newbury Park High School, and Mildred Andress, Assistant Principal at Newbury Park High School. Coplin brought suit against these school district employees in their individual capacities under 42 U.S.C. § 1983.[1]
 
 
 5
 Kevin was expelled from Newbury Park High School because he allegedly sexually harassed several of his female classmates. After Kevin was suspended and notified of the charges against him, Coplin requested a hearing before an impartial board, to know the identities of Kevin's accusers and confront them at a pre-expulsion hearing, and to call witnesses on Kevin's behalf at the hearing. The appellees allegedly denied this request. Coplin contends that in denying Kevin the right to a pre-expulsion hearing with full procedural protections, the school district employees deprived him of his constitutionally-protected right to due process.[2]
 
 
 6
 Coplin consulted counsel who advised him of his son's rights. Coplin then agreed, with the advice of counsel, to sign a "Voluntary Consent to Discipline" form ("Consent"). The Consent states that Kevin and his parents understand that but for the Consent Kevin would be entitled to a formal hearing. The Consent further states that all parties agree that the discipline specified in the Consent is appropriate and therefore a formal hearing is unnecessary. Thus, in signing the Consent Coplin forfeited Kevin's right to a formal pre-expulsion hearing altogether. Coplin now argues, however, that the Consent does not constitute a valid waiver. Coplin contends that he was coerced into signing it because the choice offered by the School District was between signing the Consent and going through a constitutionally infirm hearing.
 
 
 7
 The district court then granted defendants' motion for summary judgment. Coplin v. Conejo Valley Unified Sch. Dist., 903 F.Supp. 1377 (C.D.Cal.1995). We have jurisdiction over this timely appeal, 28 U.S.C. § 1291, and we affirm. Coplin waived all rights to procedural due process at the pre-expulsion hearing when he knowingly and voluntarily signed the Consent to Discipline.
 
 II.
 
 8
 A grant of summary judgment is reviewed de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). The appellate court's review is governed by the same standard used by the trial court under Federal Rule of Civil Procedure 56(c). Id. The appellate court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). The court must not weigh the evidence or determine the truth of the matter, but only determine whether there is a genuine issue for trial. Abdul-Jabbar v. General Motors Corp., 85 F.3d 407, 410 (9th Cir.1996). Summary judgment is not proper if a genuine issue of material fact exists for trial. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996).
 
 
 9
 A student accused of violating a school rule is constitutionally entitled under the Fourteenth Amendment to procedural due process in any proceeding to determine whether he or she violated the rule and whether and what punishment should be imposed. Goss v. Lopez, 419 U.S. 565, 574 (1975). However, due process rights can be waived if the waiver is knowing and voluntary. D.H. Overmyer Co. v. Frick Co., 405 U.S. 174, 175 (1972); United States v. Navarro-Bottello, 912 F.2d 318, 321 (9th Cir.1990) (upholding knowing voluntary waiver of constitutional due process rights by negotiated plea agreement).
 
 
 10
 There is no doubt that Coplin signed the Consent knowingly.[3] First, on its face, the Consent states that Kevin was entitled to a hearing and that by consenting to discipline he was forfeiting that right. Second, Coplin agreed to sign the Consent after consulting with counsel, Richard Hamlish. Third, Hamlish was aware of students' rights under California and federal law and informed the Coplins of these rights. Hamlish participated in negotiating the terms of the Consent.
 
 
 11
 Coplin also signed the Consent voluntarily. Coplin believed that agreeing to the terms of the Consent was the best option for Kevin and the entire family. Indeed, the Coplins benefited significantly from consenting to discipline. They gained assurance that the punishment imposed on Kevin would not be more serious than that prescribed in the Consent. Kevin was permitted to participate in an alternative public school program. Thus, the parents avoided the potential costs of private school and Kevin was able to graduate early. Pursuant to the terms of the Consent, Kevin's expulsion was suspended after a short time and he was permitted to return to school on a probationary basis and to attend graduation with his classmates.
 
 III.
 
 12
 We agree with the district court that the Consent constitutes a knowing and voluntary waiver. Coplin had advice of counsel, and was fully apprised of Kevin's rights and the contents of the Consent. Coplin negotiated its contents and benefited from its signing. Any rights Kevin had to procedural protections at a pre-expulsion hearing were waived when Coplin agreed to consent to Kevin's discipline without a hearing.
 
 
 13
 AFFIRMED.
 
 
 
 **
 Honorable Leonard D. Wexler, Senior United States District Judge for the Eastern District of New York, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Appellant originally named as defendants the School District and these employees in both their official and individual capacities. However, the district court dismissed plaintiff's claims against the School District and these employees in their official capacities, finding such claims barred by the Eleventh Amendment. Coplin did not appeal that ruling
 
 
 [2]
 Under California law, a school board must allow a student in a pre-expulsion hearing to call his own witnesses and to confront the witnesses against him. Cal. Ed.Code § 49818(b)
 
 
 [3]
 Although the Consent was signed by Coplin, Kevin evidently agreed to it as well. There is no evidence to suggest that Coplin was not acting in Kevin's best interests when he agreed to sign the Consent or that father and son's interests conflicted except to the extent that Coplin's concern that he avoid the cost of private school tuition may be said to pose a possible conflict. "In defining the respective rights and prerogatives of the child and parent ..., we conclude that our precedents permit the parents to retain a substantial, if not the dominant, role in the decision, absent a finding of neglect or abuse, and that the traditional presumption that the parents act in the best interests of their child should apply." Parham v. J.R., 442 U.S. 584, 604 (1978) (discussing whether parents can waive their children's due process rights and commit them to mental institutions)