UNITED STATES of America, ex rel. **Jody SHUTT, Plaintiffs— Appellees,**

v.

**COMMUNITY HOME AND HEALTH CARE SERVICES, INC., a California corporation; Nida M. Campanilla, an individual, Defendants—Appellants.**

No. 07–56060.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 2008.

Filed Dec. 16, 2008.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Jeffrey A. Clair, Esquire, Douglas N. Letter, Esquire, Allie Pang, Esquire, U.S. Department of Justice, Washington, DC, Marc S. Harris, Esquire, Beck, Decorso, Daly & Kreindler, Los Angeles, CA, for Plaintiffs–Appellees.

John M. Gantus, Esquire, Eric Olson, Esquire, John M. Gantus & Associates, Glendale, CA, for Defendants–Appellants.

Before: BRIGHT,* TROTT, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Nida M. Campanilla ("Campanilla") and her solely-owned proprietorship Community Home and Health Care Services, Inc. ("Community Home") appeal the district court's grant of partial summary judgment for the United States pursuant to the False Claims Act ("FCA"), 31 U.S.C. §§ 3729–3733. We have jurisdiction under 28 U.S.C. § 1291 because the district court's order is final and appealable for the reasons stated in a published Opinion filed herewith. Campanilla and Community Home challenge the district court's judgment on the grounds that it subjects them to double jeopardy in violation of the Fifth Amendment and that it is an "excessive fine" under the Eighth Amendment. We affirm.

■ Campanilla waived her right to a double jeopardy challenge. In the plea

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

agreement, in which Campanilla pled guilty to health care fraud for the conduct that underlies the FCA claim against her, Campanilla agreed "[n]ot to make any double jeopardy challenge to any administrative or civil forfeiture or civil fraud action arising out of the course of conduct that provides the factual basis for the [criminal] information." "In the context of a plea bargain[,] . . . a defendant may intelligently and voluntarily waive his right against double jeopardy." *United States v. Hernandez–Guardado,* 228 F.3d 1017, 1028 (9th Cir.2000). In signing the plea agreement, both Campanilla and her attorney stated that she had "read this agreement and carefully discussed every part of it with [her] attorney," that her attorney had advised her of her rights and the consequences of entering into the agreement, and that she voluntarily agreed to its terms.

Campanilla argues that a "civil fraud action" refers only to the *initiation* of a lawsuit, and that she retains the right to make a double jeopardy challenge to the *penalties* she faces as a result of such an "action." Campanilla's narrow definition of the word "action" is clearly inapposite. The Federal Rules of Civil Procedure use the term "civil action" to refer to an entire legal proceeding and not merely its commencement. *See, e.g.,* Fed.R.Civ.P. 3. (providing that a "civil action is commenced by filing a complaint with the court").

The plea agreement's waiver must also be construed in this manner in order to be meaningful because in a civil action "a court must . . . look at the 'sanction actually imposed' to determine whether the Double Jeopardy Clause is implicated." *Hudson v. United States,* 522 U.S. 93, 102, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997). Commencement of a civil action, standing alone, does not implicate the Double Jeop-

ardy Clause. *See id.* at 99, 118 S.Ct. 488. Campanilla need not have been made aware of all the possible circumstances that might ensue from the waivers obtained in the plea agreement for the waivers to be knowing and voluntary. *See United States v. Navarro–Botello,* 912 F.2d 318, 320 (9th Cir.1990) (upholding as voluntary a plea agreement in which defendant knew "he was giving up possible appeals, even if he did not know exactly what the nature of those appeals might be").

Therefore, Campanilla voluntarily waived a double jeopardy challenge in her plea agreement. Regardless of whether Community Home was also bound by Campanilla's admissions in her plea agreement, Community Home has no grounds for a double jeopardy challenge because it was not a party to the criminal proceeding or punished as a result of those proceedings.

▪ The judgment against Campanilla and Community Home—a single civil penalty of $5,500 and treble damages of approximately $1.8 million—is not constitutionally "excessive" as "grossly disproportionate" to the offense. *United States v. Mackby,* 261 F.3d 821, 830 (9th Cir. 2001) (citing *United States v. Bajakajian,* 524 U.S. 321, 327–28, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998)). Treble damages have a compensatory aspect, serving remedial purposes over and above any punitive objectives and in some ways were adopted as a "substitute for consequential damages." *Cook County v. United States ex rel. Chandler,* 538 U.S. 119, 130, 131 n. 9, 123 S.Ct. 1239, 155 L.Ed.2d 247 (2003).

Here, the district court found substantial evidence that the government's actual damages due to false claims were considerably higher than the remuneration Campanilla agreed to pay in her criminal plea

and might even exceed the treble damages award. This is particularly likely once the government's costs of investigating and litigating the fraud and compensating the qui tam relator are taken into account. As in *United States v. Mackby,* 339 F.3d 1013, 1019 (9th Cir.2003), at least some portion of the award that was over and above the amount of money actually paid out by the government was similarly remedial.

Even if the district court were mistaken and a substantial portion of the judgment in this case exceeded the government's actual cost, this result is consistent with Congress's determination that making a false claim to the government is a serious offense meriting treble damages and an automatic civil monetary penalty for each false claim. *Id.* Given the seriousness of the offense, the resulting non-pecuniary harm caused to the government, and the need to deter difficult-to-detect fraudulent claims, Congress's decision to impose a penalty that may sometimes substantially exceed actual damages is not unreasonable.

It is also proper to "consider the maximum penalty prescribed by Congress as part of our Excessive Fines Clause inquiry" as "instructive but not dispositive of the constitutional question." *Id.* Campanilla engaged in a 17–month long scheme to defraud Medicare in which she made multiple fraudulent claims to obtain hundreds of thousands of tax dollars. Between the criminal and civil proceedings pertaining to this conduct, Campanilla could have faced penalties of up to $187,000 in additional civil penalties, a criminal fine of $250,000 for a total judgment of over $2 million, and a maximum sentence of ten years in prison. Even taking both the criminal and civil penalties into account, Campanilla faces a punishment well below the statutory maximum.

Any portion of the judgment that exceeded actual damages necessary to make the government whole will reasonably serve other valuable functions, such as deterring large-scale fraud, compensating the qui tam relator, and accounting for non-pecuniary harm to the government because Medicare fraud "erodes public confidence in the Government's ability to efficiently and effectively manage its programs." S.Rep. No. 99–345, at 3 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5266, 5268; *see also United States v. Eghbal,* 548 F.3d 1281, 1285 (9th Cir.2008) (finding treble damages of more than $5 million not "grossly disproportionate"). Accordingly, the district court did not err in granting partial summary judgment to the United States.

**AFFIRMED.**