42 F.3d 1403
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth G. FRISBY, Defendant-Appellant.
 No. 94-10098.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 18, 1994.
 
 Before: WALLACE, Chief Judge; GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth G. Frisby appeals his conviction and 21-month sentence for submitting a false document to a United States agency and filing a false claim for a $3.4 million tax refund, in violation of 18 U.S.C. Secs. 1001, 287. Frisby contends the district court erred by denying his motion to withdraw his guilty plea, and by using the amount of his false claim to determine his offense level under the Sentencing Guidelines. Because we conclude that Frisby waived his right to appeal his conviction and sentence, we dismiss the appeal.
 
 
 3
 A defendant's waiver, pursuant to a plea agreement, of his statutory right to appeal is valid provided the waiver was knowing, intelligent and voluntary and the defendant was sentenced in accordance with the agreement. United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir.1990), cert. denied, 112 S.Ct. 1488 (1992).
 
 
 4
 Here, it is undisputed that Frisby entered into a plea agreement containing an express waiver of his right to appeal his conviction and sentence, and that he was sentenced in accordance with that agreement. He contends, however, that the waiver is invalid because he suffers from mental disorders that rendered him incompetent to waive his rights knowingly and intelligently.
 
 
 5
 A defendant is competent to plead guilty "if he has the capacity for 'reasoned choice' among the alternatives." United States v. Myers, 993 F.2d 713, 714 (9th Cir.1993) (citation omitted). At Frisby's plea hearing, the district court advised Frisby of his constitutional rights, as required by Fed.R.Crim.P. 11. Frisby indicated that he understood those rights. The court ascertained that Frisby knew that if he pleaded guilty pursuant to the plea agreement, he waived his right to appeal. The court found that Frisby knowingly, voluntarily and intelligently waived his rights. The court accepted his guilty plea, but deferred acceptance of the plea agreement pending consideration of the presentence report.
 
 
 6
 Frisby subsequently filed several motions to withdraw his guilty plea on the ground that he had an entrapment defense he had not previously considered. The court denied the motions, finding that the facts alleged did not constitute entrapment. On its own motion, the court ordered a psychological evaluation. The psychologist who examined Frisby diagnosed him as suffering from a bipolar mood disorder and a "mixed obsessive compulsive, paranoid, passive aggressive personality disorder." The psychologist reported that these disorders did not render Frisby unable to understand the charges facing him, the workings of the judicial system, or his rights as a defendant, although they caused his understanding of what was happening to be distorted. The district court reviewed the report, questioned Frisby, and heard argument on the competency issue. The court determined that Frisby was competent to proceed, denied his remaining motion to withdraw his plea, and proceeded to sentencing.
 
 
 7
 In light of the psychologist's report and Frisby's participation in the plea proceedings, the court's findings that Frisby was competent are not clearly erroneous. See Myers, 993 F.2d at 715. Accordingly, the court did not abuse its discretion by denying Frisby's request to withdraw his guilty plea based on incompetency. See id. (where evidence supported trial court's finding that defendant was competent, court did not abuse its discretion by denying motion to withdraw guilty plea based on incompetency). Frisby's argument that he was entitled to withdraw his plea is without merit. Once a district court has accepted a guilty plea, "[t]he defendant has no right to withdraw a plea." Id. at 714; see Fed.R.Crim.P. 32(d) (court may permit defendant to withdraw guilty plea before sentence is imposed upon a showing of fair and just reason). Thus, Frisby's waiver of his right to appeal his conviction and sentence is valid. See Navarro-Botello, 912 F.2d at 321.
 
 
 8
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3