**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-35104 |
| Plaintiff - Appellee, | D.C. Nos.   4:07-cv-00088-SEH |
| v. | 4:05-cr-00155-SEH-1 |
| DALE ALLEN DAVIDSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted March 7, 2011[**]
Portland, Oregon

Before: THOMAS, GRABER, and TALLMAN, Circuit Judges.

Dale Allen Davidson appeals the district court's denial of his motion to

vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  On appeal, he

argues that his sentence for violating 21 U.S.C. § 841(a)(1) (possession of

methamphetamine with intent to distribute) should be vacated and corrected and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

that his consecutive five-year sentence for violating 18 U.S.C. § 924(c) (possession of a firearm during a drug trafficking offense) was illegally imposed.[1] We have jurisdiction under 28 U.S.C. § 1291, and we dismiss Davidson's appeal.

The parties are familiar with the facts of the case so we do not repeat them here. In his plea agreement, Davidson specifically waived his right to appeal his sentence or *to collaterally attack his sentence pursuant to § 2255* except to the extent that he might "alleg[e] that he received ineffective assistance of counsel."[2]

---

[1] Before the district court, Davidson argued that his sentence was "improperly enhanced" and that "he received ineffective assistance of counsel at sentencing." On appeal, Davidson has abandoned his ineffective assistance claim. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

[2] Specifically, Davidson agreed to the following:

17. Waiver of Appeal of the Sentence – Substantial Assistance motion
The Defendant acknowledges that 18 U.S.C. § 3742 affords him the right to appeal the sentence imposed in this case. In consideration for the government's motion pursuant to U.S.S.G. § 5K1.1 for a downward departure from the sentencing guidelines, if such a motion is made and the Court accepts the plea agreement, the Defendant hereby waives all right to appeal the sentence imposed by the Court.
The Defendant also agrees to waive his right to collaterally attack the judgment or sentence pursuant to 28 U.S.C. § 2255. This waiver does not prohibit his right to pursue or maintain such an action, arising from facts not known or reasonably capable of being known at the time of his entry of guilty plea, alleging that he received ineffective assistance of counsel.

His challenges thus concern sentencing issues he plainly relinquished his right to appeal. *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005) ("[W]e will generally enforce the plain language of a plea agreement if it is clear and unambiguous on its face.").

The fact that he now believes he can achieve a better bargain is inapposite. *See United States v. Navarro-Botello*, 912 F.2d 318, 320 (9th Cir. 1990) ("Whatever appellate issues might have been available to Navarro-Botello were speculative compared to the certainty derived from the negotiated plea with a set sentence parameter. He knew he was giving up possible appeals, even if he did not know exactly what the nature of those appeals might be. In exchange, he gained a set sentence. Just because the choice looks different to Navarro-Botello with the benefit of hindsight, does not make the choice involuntary."); *id.* at 322 ("[T]he most important benefit of plea bargaining[] is the finality that results.").

Because the United States has raised a timely objection, and Davidson has not raised a credible argument as to why the agreement he freely entered into should not be enforced, we see no cause to consider the merits of his appeal.[3]

*United States v. Jacobo Castillo*, 496 F.3d 947, 954 (9th Cir. 2007) (en banc)

_____

[3] We note that, absent the waiver, *Abbott v. United States*, 131 S. Ct. 18, 23 (2010), would squarely foreclose Davidson's claim that his consecutive five-year sentence was illegally imposed.

("Ordinarily, if an appellant does not [expressly reserve his right to appeal an issue] and still raises such issues on appeal, the government objects and the court dismisses the appeal."); *Jeronimo*, 398 F.3d at 1152–53.

**DISMISSED.**